Opinion of the Court.
THIS cause was heretofore brought to this court, and decided, as to all the questions then presented. For its history, and the true state of the record, reference is now made to the case Woolery, &c. vs. Clay, fall term 1820. After the return of the cause to the court below, and some steps taken therein, on a rule for that purpose, the court ordered a writ of habere facias possessionem to issue, as to Henry Bonta, on the confession of judgment apparent in the record as to him, without any previous proceeding, except that the plaintiff in the motion proved by the record that the chancery suit referred to in the order, was finally terminated. From this order awarding the writ, Bonta has appealed to this court.
It is now contended, that the former entry of confession was no judgment, and that the cause being thereafter stricken from the docket as to Bonta, it was completely discontinued, and no further proceedings could be had therein.
1. It is a principle recognized in all the books which treat of the subject, that a confession of judgment, taken and recorded in the usual form, confesses or admits the law, as well as the facts, to be against the party confessing. If this was not the effect of such confessions, they would be no more than a demurrer or agreed case, where the facts are admitted and the law only contested. A confession of judgment, therefore, *28 silences contest about the law of the case. But, notwithstanding the law is thus admitted, and the court is bound to proceed without further contest, where it has jurisdiction, it does not follow, that the court, after such confession, has no act to perform or sentence to pronounce, or that it ought not to draw out, on the record, the inference of law, which the party confessing admits to be drawn against him. Forms of entries, which are wisely held to be evidence of law, plainly show, that the court is still to render judgment, and that, after the confession, which is the act of the party, is recorded, then the act of the court itself, and not that of either of the parties, must follow, commencing with the words, “Therefore it is considered that,” &c. Many reasons may be given, why such an entry is necessary. In a case where the court has no jurisdiction, either between the parties, or of the subject matter, it would still be bound to render no judgment against the party confessing; for it is a settled rule, that in such case consent cannot give jurisdiction ; and rendering the judgment, is the act which assumes and exercises it. It does not, therefore, follow, universally, that judgment is always to be rendered where it is confessed.
But the confession of the party, although made in court and recorded is not the judgment of the court; that ought to follow the record of the confession ; nor will the recording the confession without an entry of judgment, authorize the issuing of an execution.
Where the confession does not determine the extent of the recovery, that must be ascertained by the court and not by the clerk or sheriff.
2. Moreover, a confession of judgment does not always determine the extent of recovery. That must still be ascertained by the court, and not left to the ministerial officers, the clerk and sheriff, to be determined by them from an inspection of the pleadings. In the action of debt, on a writing, where a judgment is confessed, the judgment itself ascertains the amount, and determines whether costs follow. An usual entry, in such action, of a confession only, without such judgment, could not authorise the clerk to inspect the pleadings, and determine the extent of recovery. Nor do we at all admit, that the clerk is authorised to ascertain the extent of the recovery, and to issue an execution, in any case, without a judicial act of record to warrant it. The judgment, likewise, in this action, ought not to be one of interminable duration, but for the term yet to come in the premises in the declaration. In this case, the entry does not determine any term, or in what tenements the recovery is had ; nor are the costs decided or fixed by the confession. The clerk is left to settle these matters when he issues exe *29 cution, if this entry be a judgment. As an entry of judgment following this confession is omitted, we, therefore, conceive that the entry does not supply the place of a judgment, and that the court below erred in treating it as such, and awarding an execution thereon, without doing any further act.
An instance of a confession and an agreement of record held valid, but on which no execution could issue without a further act of the court.
3. But we cannot concur with the counsel of the appellant, that this entry is to be treated as a nullity. It is true, the entry is not as usual, “ that the appellant could not gainsay, or confessed the plaintiff’s action,” but it informally expresses that the party “ confesses judgment, with the reservation hereafter named.” Still, the entry amounts to as much; and had the judgment followed, the case would have been ended. But, without determining the cause, “the parties agree that no further proceedings shall be had in this cause, until after the trial of the chancery suit. Henry Bonta and others against said Clay,” &c. Here, the agreement of the parties stays the power of the court from doing any act, until a certain event ; then the court was to conclude the contest by a final judgment. It seems evident, that in the chancery cause there was no injunction ; that if Clay was unsuccessful in that cause, he was never to have a judgment, and no perpetual injunction would go. If successful, then he might demand the final act of the court. We would not be understood as saying, that the court below ought to travel back in the cause, and investigate the facts or try issues, or indeed investigate the law ; but still it ought to render a judgment, before execution was awarded ; and after that judgment, according to the legal form in ejectment, the award of the writ would follow.
Nor can we agree, as contended, that the order, at a subsequent term, which strikes this cause from the docket, ended it, or terminated the power of the court over it. This is no more than saving the parties further expence, until the chancery suit was determined, and the order was made, no doubt, under the impression that a judgment was already entered. But the agreement of the parties, entered upon the record, fixed the attitude in which this cause must stand, until the chancery suit was decided. This agreement could not be violated by any order or act of the court. It required the assent of both parties, to change this attitude *30 ; and we cannot conceive that the court below intended to change it, or that the order ought to be construed as any thing more than laying the cause, as to these parties, aside, for the purpose of simplifying the record, until the event should happen, which authorised further proceeding. We do not, therefore, disapprove of the judgment of the court below, because we suppose that it had no power over the record ; but because the writ was awarded without a judgment, on the bare confession only.
The order awarding the writ must, therefore, be reversed with costs.