Pettibone, J.,
delivered the opinion of the Court.
This was an action of assumpsit upon a bill of exchange, by the payee against the drawer. There were special counts upon the bill, and a general count for the money had and received. The plea was non-assumpsit, without any denial under oath of the execution of the instrument declared on. The plaintiff) on the trial, offered in evidence the bill of exchange, without offering to prove the execution of it.> The defendant objected to its going in evidence, unless the hand writing of the drawer was first proved; and the Court refused to let it go in evidence without that proof. The bill of exceptions also showed that the plaintiffs, Holmes and Elliot, had endorsed the said bill of exchange to one Charles Eaulke or order, Philadelphia, and that Eaulke had endorsed it back to Holmes and Elliot. The error assigned is, that the Court improperly excluded the said bill of exchange from going in evidence to the jury. We are clearly of opinion that the bill of exchange was improperly excluded. Our statute provides, that when a declaration shall be upon an instrument of writing, executed by the defendant, the same shall be admitted in evidence, unless the defendant shall deny the execution of the same, upon oath. This point has been decided by this Court in actions on promissory notes. In this case we conceive there is no difference. The bill should have been admitted in evidence. It is • the foundation of the action; it is declared upon, and unless denied on oath, the execution stands admitted. The assignments or endorsements upon the back of the bill, have nothing to do with this question of its admissibility in evidence. They might have the effect to defeat the plaintiff’s right of action, after the paper was admitted in evidence; but can in nowise exclude the bill from the jury. It might be that the *298 endorsements were made by mistake, or were forgeries. If the statute 'above referred to had not been enacted, the plaintiff could certainly have introduced the bill of exchange in evidence to the jury, by proving the execution of it. The statute has only dispensed with that proof, where the execution of the writing is not denied on oath.
Let the judgment in the Court below be reversed, with costs, and the cause remanded, to be proceeded in agreeably to this opinion.