MICHAEL HOLMES, *Plaintiff in Error*,

*vs.*

ASA LEWIS & JOHN W. BATES, *Defendants in Error*.

ERROR TO THE RACINE COUNTY COURT.

If the defendant fails to plead within the time allowed him, it is the right of the plaintiff to have his default entered ; but before proceeding to an assessment of damages, judgment interlocutory should be entered.

An assessment of damages by the clerk is a statutory proceeding, and the provisions of the statute must be complied with.

Upon default of the defendant, there can be no reference to the clerk to assess the damages, until judgment interlocutory be entered.

Final judgment, after default, cannot be rendered by the clerk in vacation. He can only enter final judgment in vacation in the cases provided for by Section 13 of Chapter 102, of the Revised Statutes.

A rule of court, providing that the term of the court shall continue until at least Saturday of the first week, for the entry of final judgments, &c., cannot operate to continue the court open if the term has, before that day, been *actually* adjourned *sine die*.

When a defendant has appeared and interposed a demurrer, and afterwards makes default, he is entitled (by Rules 21 and 22 of Racine County Court) to notice of the assessment of damages.

This was an action of assumpsit upon a promissory note, brought in the Racine County Court by the defendants in error against the plaintiff in error. The statement of the case is presented in the opinion of the court.

The judgment of the County Court was removed to this court by writ of error, and the following errors assigned :

1. No judgment interlocutory was entered in the court below.

2. The court below did not direct the clerk to ascertain and report the damages of the plaintiff below.

3. No report of assessment of damages was made

DEC. TERM 1853.

Holmes
vs.
Lewis and
Bates.

by the clerk, and no judgment could have been lawfully rendered by the court until the coming in of such report.

4. The final judgment was rendered after the adjournment of the court *sine die*.

5. The court below should not have denied the motion to vacate said judgment, but should have granted the same.

6. No notice of assessment, as required by the rules of the court below, was served upon the plaintiff in error.

*F. S. Lovell*, for plaintiff in error.

I. Judgment interlocutory should have been rendered in the court below. *Strong vs. Catton*, 1 *Wis. R.* 471 ; 1 *Burrill's Pr.* 269, 276, 373 ; 3 *Black. Com.* 296–298. The clerk was not authorized to assess damages until such judgment had been duly entered. *Rev. Stat. ch.* 101, § 3, *p.* 533.

II. The County Court should have entered a rule, directing the clerk to examine, ascertain and report what sum the plaintiff below ought to recover for his damages. *Rev. Stat. ch.* 101, § 3.

III. The clerk should have reported to the court below the sum ascertained by him to be due to the plaintiff below, (*Rev. Stat. ch.* 101, § 8,) so that exception might have been taken, and a decision have been obtained of the court thereon. *Same ch.* § 9.

IV. Final judgment in the court below could not have been legally rendered after its adjournment *sine die*.

The *court* must authorize the rendition of final judgment (in cases of assessment by the clerk) upon the coming in of the clerk's report. *Rev. Stat. ch.*

101, § 9. And any rule authorizing judgment to be rendered in such cases when the court is not in actual session, is a nullity. *Boyd et al. vs. Seeley*, 2 *Wend. R.* 242.

DEC. TERM
1853.

Holmes
*vs.*
Lewis and
Bates.

V. The plaintiff in error was entitled to four days notice of assessment by the rules of the court below, (*Rule* 21,) and the clerk was not authorized to assess except upon such notice. *Rule* 22.

*J. B. Jilsun*, for defendants in error.

The defendants in error say that the writ in this cause should be dismissed, or the judgment of the court below affirmed, for the following reasons :

I. Because none of the errors relied upon lay the foundation for a writ of error in this court, and if any errors exist, they are such as are cured by the Statute of Amendments.

1. A default, properly taken, is a judgment interlocutory, under the statute, p. 533. No rule for judgment interlocutory is necessary. *Tidd's Prac.* 505, 568. The judgment follows as a conclusion and sentence of the law. 3 *Black. Com.* 396 ; 12 *S. & M.* 550 ; 5 *Gilman*, 26 ; 2 *Texas*, 420.

2. "The court never directs the clerk to ascertain and report the damages ; it is not the subject of special direction, but is done by rule entered in the common rule book." *Gra. Prac.* 636 ; *Rules Racine Co. Court, No.* 20.

3. The report of the clerk is no part of the record. See *R. S.* 534, § 10. Everything necessary to be done to support a judgment by default will be presumed to have been done, unless the contrary appear. *Parvin vs. Hooper*, 1 *Morris*, 294 ; *Davis vs. Blanchard*, 6 *Mass. R.* 4 ; *Longmore vs. Fenn, note* 2,

Dec. Term 1853.

Holmes
vs.
Lewis and
Bates.

*Cow.* 45; 4 *Barr*, 138; *Hall vs. Law*, 2 *Watts &
Serg.* 135.

4. The adjournment of the court is no part of the record in this cause, and no notice should be taken of it.

But by the first rule of the court below, no adjournment of the court *sine die* could have taken place until Saturday of the first week of the term, unless by special order of the court abrogating the rule. 3 *Green.* 124; 3 *Pick.* 512; 1 *Chand.* 22; *R. S. p.* 438, § 2; 1 *Cow.* 58.

But the objection proves too much; if there was no court, there could be no judgment to reverse, and the writ should be dismissed. 9 *Port.* 435, cited 4 *U. S. Dig.* 646. Again, this was a question of fact submitted to the court below on the motion to vacate the judgment, and cannot be reviewed here. *Flanegan vs. Earnest & McCown*, 1 *Chand.* 149.

5. The decision of a court upon an application to set aside a judgment by default, or grant a new trial, is within the sound discretion of the court, and not subject to revision. 1 *Scam.* 131, 143; 5 *Conn.* 427; 6 *Black.* 479; 6 *Watts & Serg.* 184; 2 *Cow.* 31; 3 *Scam.* 4; *R. S.* 410, § 6.

6. No notice of assessment was necessary after default, though there had been a previous appearance. 6 *Mass. R.* 4. Rules of the court below, No. 25 and 26, provide a remedy, if the assessment be wrong or irregular.

II. Because the plaintiff in error could have had complete relief as to every error complained of, in the court below, had he presented the matter to that court in the proper time and in the proper manner; but having neglected so to do, he has waived those er-

rors, if they are such. *Rules* 32, 36, 61; *Colden vs.*
*Knickerbocker,* 2 *Cow.* 31 ; 2 *Chand.* 222 ; 25 *Wend.*

III. Because it is obvious that this writ is prosecuted at the instance of strangers, and judgment creditors. *Hawser's appeal,* 5 *Watts & Serg.* 473 ; 3 *Green.* 273 ; 6 *Bar.* 272.

*By the Court,* CRAWFORD, J. The defendants in error commenced an action of assumpsit on a promissory note, against the plaintiff in error, in the County Court of Racine county.

The defendant in the action filed a demurrer to the declaration, which, after argument, was overruled, and the defendant was, by order of the court, required to plead at or before noon of the Friday next ensuing the date of the order, which was made at the regular March term of the court, A. D. 1850. This was on Wednesday, the 6th day of March, and on the next day, and before the expiration of the time given to plead, the court adjourned for that term. On Friday, the 8th day of March, at 1 o'clock P. M., the plaintiffs' attorney entered the default of the defendant, and directed the clerk to assess the damages of the plaintiffs. This was accordingly done by the clerk, who entered final judgment against the defendant for four hundred and sixteen dollars and thirty-eight cents and costs, and a judgment record was filed on the 16th day of March, 1850. After the time of entering the default and final judgment, on the 8th day of March, at *five o'clock* P. M., the defendant, by his attorney, filed in the office of the clerk of the court, two pleas to the declaration. At a subsequent term, (in November, 1850,) a motion was made by the defendant to vacate and set aside the judgment, for reasons set

Dec. Term
1853.

Holmes
vs.
Lewis and
Bates.

forth in an affidavit made and filed by the defendant's attorney. The attorney for the plaintiffs also made and filed an affidavit in resistance of this motion, and after argument, the motion was denied by the court. The judgment is now removed to this court by writ of error.

After the defendant had failed to plead within the time allowed to him for that purpose by the court, it was the right of the plaintiffs to have a default entered ; but before proceeding to an assessment of damages, it was necessary that judgment interlocutory should be entered. A default is not such a judgment, but is more properly the reason for a judgment of that kind, and inasmuch as the assessment by the clerk is a statutory proceeding, the provisions of the statute must be complied with. We cannot find that any interlocutory judgment was entered in this case, and until that was done, a reference to the clerk to examine and report the amount to be recovered by the plaintiffs was improper.

Section 3, of chap. 101, of the Revised Statutes, provides that when a suit is brought in a court of record upon any written obligation or contract, and the same is set forth in the declaration as the cause of action, if *interlocutory judgment* for the plaintiff be rendered by default, &c., the court shall direct the clerk thereof to examine, ascertain and report what sum the plaintiff ought to recover for his damages.

By the eighth section the clerk is required to report *to the court* the sum by him ascertained to be due to the plaintiff; and, by the ninth section, the court is empowered to give judgment for the sum reported, or for such other sum as the court may ascertain to be due. It is evident from these provisions that before

any proceedings by the clerk in assessing damages, there must be a *judicial* determination that the charge in the declaration is true, and thereupon and because it is unknown to the court how much the plaintiff ought to recover, a reference to the clerk to compute, &c., is made, but this reference is not to be stated on the record; the assessment is set forth as made *by the court.* *Vide Section* 10.

The defendants in error insist, however, that the omission to enter a formal interlocutory judgment is cured by the Statute of Amendments, (*chap.* 100, § 7,) as neither party has been prejudiced by such omission. Whether this is so or not, we do not deem it necessary to decide at this time, because we think there is another, and, in our view, a fatal objection to this judgment. It appears that it was entered by the clerk in vacation, or after the actual adjournment of the court for that term, and although by one of the rules of that court the term would continue for certain purposes until Saturday of the first week, yet for the purpose of rendering *final* judgments, the court must be in actual session, and it cannot, by rule or otherwise, depute its *judicial* power to a clerk, to be exercised in vacation, in rendering final judgments. The clerk of a court of record may enter up final judgments in vacation, but this is only in cases provided for by section 13, of chapter 102 of the Rev. Stat.

We may remark, in conclusion, that the defendant had appeared and interposed a demurrer, and he was consequently entitled to notice of the assessment of damages under Rules 21 and 22 of the County Court of Racine county.

The judgment must be reversed, and the cause remanded for further proceedings, according to law.