HENRY W. REMINGTON and BENJAMIN F. PERRY,
Plaintiffs in Error,

*vs.*

JOHN CUMMINGS and JOHN C. GOODRICH, Defendants
in Error.

ERROR TO DANE CIRCUIT COURT.

One partner cannot bind his copartner by warrant of attorney under seal to confess a judgment, unless he is thereunto specially authorized.

Where the warrant of attorney by which a judgment was entered in the Circuit Court against a firm, was under seal and signed in the name of the firm, but it did not appear whether the name of the firm was signed by one or both partners, or by which of them, a writ of error is not the proper mode to correct or set aside a judgment so entered.

In such case, the proper mode is, for the partner who did not sign, or authorize the signing, of the warrant of attorney, to make his motion in the Circuit Court to vacate the judgment, founded upon affidavits showing the facts.

Whether the circumstance that the partnership name is signed to the warrant of attorney, is sufficient to reverse a judgment entered by virtue thereof, *quere?*

Under section 14 of chapter 102 of the Revised Statutes, all judgments are required to be signed by a judge or court commissioner, in order to be of any force, or to authorize any proceedings thereon.

Although chapter 197 of the Session Laws of 1851, has obviated the necessity of signing the record of judgment, in all cases when the judgment is obtained in the ordinary mode, yet the provisions of the Revised Statutes requiring judgments entered in vacation upon warrant of attorney, to be signed, have not thereby been changed.

A judgment entered in vacation upon a warrant of attorney, the record of which is not signed and filed in pursuance of section 14 of chapter 102 of the Revised Statutes, cannot be regarded as a judgment in form, so as to sustain a writ of error; and a writ of error brought upon such record, will be dismissed.

JUDGMENT was entered in vacation upon a promissory note and warrant of attorney.

The declaration was in the usual form in such cases, counting upon a promissory note made by the defendants below, under the name, style and firm of Remington & Perry, dated the 22d day of March, A. D. 1855, and payable to the plaintiffs below or order, sixty days after date, at the State Bank of Wisconsin,

for three hundred and ninety-eight dollars, with interest at the rate of ten per cent. per annum.

With the declaration was filed a warrant of attorney as follows:

" Know all men by these presents, that whereas the subscribers are justly indebted to Cummings and Goodrich upon a certain promissory note bearing even date herewith, payable sixty days after date to Cummings and Goodrich or order, at the State Bank of Wisconsin, for the sum of three hundred and ninety-eight dollars, with interest at the rate of ten per cent. per annum until paid :

" Now, therefore, in consideration of the premises, we do hereby make, constitute and appoint Arthur McArthur or any attorney of any court of record, to be our true and lawful attorney, irrevocably, for us and in our name and stead to enter our appearance before any court of record in term time, or in vacation, in any of the states or territories of the United States, at any time after the said note becomes due, to waive the service of process and to confess a judgment in favor of the said Cummings and Goodrich or their assigns upon the said note, for the above sum, or for so much as shall appear to be due, according to tenor and effect of said note, and interest thereon at the rate of ten per cent. per annum, to the day of the entry of said judgment, together with costs ; and also to file a cognovit for the amount that may so be due, and to release all errors that may intervene in entering up said judgment, or in issuing the excution thereon. Hereby ratifying all which our said attorney may do by virtue hereof.

" Witness our hands and seals at Milwaukee this 22d day of March, A. D. 1855.

(Signed) " REMINGTON & PERRY." [L. S.]
[L. S.]

" In presence of D. M. WISNER."

At the same time, J. P. Atwood, Esq., attorney and counselor of the Dane Circuit Court, in the name and behalf of the said

Henry W. Remington and Benjamin F. Perry, filed in said court the usual plea of confession. And on the same day to wit: on the 7th day of August, A. D. 1855, the clerk of said court made the following entry, after giving the title of the cause and date:

"*In vacation after the April term, A. D.* 1855, *to wit: August 7th,* 1855:

"And now at this day come the parties by their attorneys into the clerk's office and the defendants by warrant of attorney duly executed and now here produced, waive the issuing of process and service thereof, and by the plea of confession by J. P. Atwood, their attorney, confess and acknowledge the plaintiff's right of action, and that they have sustained damages to the sum of four hundred and twelve dollars and eighty-nine cents.

"Whereupon, it is considered and adjudged by the court that the said plaintiffs do have and recover of and from the said defendants the sum of four hundred and twelve dollars and eighty-nine cents, their damages so as aforesaid confessed, together with their proper costs and charges herein expended and taxed at the sum of twelve dollars and thirteen cents, and that they may have execution therefor."

To reverse this judgment the defendants below sued out a writ of error.

*Abbott, Clark & Coit,* for the plaintiffs in error, made the following points:

1. One partner of a firm cannot execute a warrant of attorney under seal to confess a judgment so as to bind his copartners. 1 *Watts & Sergt.* 519; *Crane vs. French, Wend.* 311; *Barlow vs. Pena,* 1 *Blackf.* 252; *Green vs. Bealls,* 2 *Caines' Rep.* 254; *Doe vs. Tupper,* 4 *Smedes & Marsh.* 261; *Harrison vs. Jackson,* 7 *T. R.* 207, 1 *Wend.* 326; 3 *Kent's Com.* 47; *Humph.* 113.

2. The judgment is not signed by any competent officer. *Rev. Stat. ch.* 102, § 14.

*M. H. Orton,* for the defendants in error.

*By the Court,* WHITON, C. J. The authorities cited by the plaintiffs in error show conclusively that one partner cannot bind his copartner by a warrant of attorney under seal to confess a judgment, unless he is specially authorized. But in this case there is nothing in the record to show that the warrant of attorney was so executed. All that appears is, that the warrant of attorney is subscribed in the partnership name, but whether the signing was the act of one or both of the partners does not appear.

If, as is contended by the plaintiffs in error, the signing of the warrant of attorney was the unauthorized act of one of the partners, the partner who did not sign should have made a motion in the Circuit Court to set aside the judgment as to him, founded upon affidavits showing the facts. But it may well be doubted, whether the circumstance that the partnership name is signed to the warrant of attorney is sufficient to establish the fact which is relied upon to reverse the judgment. Upon this subject we give no opinion, because we are all of opinion that the judgment should have been signed by a judge or court commissioner in order to be effectual. By the Revised Statutes, all judgments were required to be so signed; and section 14 of chapter 102 of the Revised Statutes provides that no judgment of this description shall be deemed valid, so as to authorize any proceedings thereon, until the record thereof shall have been signed and filed. The legislature (*Sess. Laws* 1851, *chap.* 197) has, since the Revised Statutes went into effect, dispensed with the necessity of signing the record of judgment in all cases where the judgment is recovered in the ordinary mode, but upon looking at the act with care, we think the provision of the Revised Statutes requiring judgments of this description to be signed in order to be valid, has not been changed. We must hold, therefore, that the judgment in this case is defective for the want of a compliance with the provision of the Revised Statutes before alluded to.

This being our view of the law governing cases of this description, the only remaining question to be considered is, whether there has been any judgment recovered so as to authorize the bringing of a writ of error.

The statute above cited (*Rev. Stat.*, *chap.* 102, § 14) provides that no judgment shall be deemed valid so as to authorize any proceedings thereon until the record thereof shall have been signed and filed. We are disposed to regard the signing and filing as necessary in order to give the judgment any validity or force. It is not a judgment in form, and we do not see how a writ of error brought to reverse it can be sustained.

We have held that a writ of error will lie to reverse a void judgment in cases where the court in which the judgment was recovered had no jurisdiction. *McCaffrey vs. Nolan*, 1 *Wis. R.* 361; *Dykens vs. Munson*, 2 *Wis. R.* 245. But in this case, a matter of form made necessary by the statute is wanting. There is, therefore, strictly speaking, no judgment in form against the defendant, and we think that the writ of error must be dismissed.

Writ of error dismissed.