## WELLS et al. *vs.* MORTON.

ERROR TO CIRCUIT COURT, RACINE COUNTY.

Heard October 7, 1859.]          [Decided January 24, 1860.

### *Clerks of Court—Judgment—Practice.*

Section 27, chap. 132, authorizes clerks of the court to enter up judgments in vacation, in the absence of the judge, and without his order or direction, upon filing with him proof of the existence of one of the causes for judgment therein specified: PAINE, J., dissenting.

Wells et al. vs. Morton.

The cases of *Holmes vs. Lewis*, 2 Wis., 83; *Tallman vs. Tuesdell et al.*, 3 id., 443 ; and *Remington et al. vs. Cummings*, 5 id., 138, considered and approved.

The judgment entered in vacation, though in fact entered by the clerk, is, in the consideration of the law, what it purports on its face to be, the act and determination of the court itself.

This was an action commenced by Julius D. Morton, against Andrew S. Wells and Otis R. Johnson, to recover the amount due upon two promissory notes made by them, for $300, and for $237 73, with interest. The complaint was in the usual form under the code, and was served, with the summons, on the defendants, August 9th, 1858. On the thirtieth of August the plaintiff's attorney filed an affidavit with the clerk of the circuit court, of no answer or demurrer ; and the clerk, on the same day, entered the judgment for the amount of the notes, $590 84, and costs, $16 75. From that judgment the defendants sued out this writ of error.

*Paine & Millett*, for the plaintiffs in error.

*Strong and Fuller, and C. H. Wakeley*, for defendant in error.

*By the Court*, DIXON, C. J.    The only question involved in this case is, whether judgments can be legally entered by the clerks of the circuit and county courts, in vacation, in the cases provided in section 27, of chapter 132, of the Revised Statutes of 1858. This section is identical with section 158 of the Code of Procedure, as originally enacted in this state, with the exception of subdivision four, which was added by the revisors. On the part of the plaintiffs in error, it is contended that by these provisions an attempt is made to transfer to the clerks a portion of the judicial power, which by section 2, of article 7, of the constitution, is vested alone in the courts therein provided for. If this be true, there can be no doubt that these provisions are unconstitutional, and that judgments entered in pursuance of them are illegal and void.

The proposition of counsel, that " the rendition of a judg-

ment is a judicial act, which can be done by the court only," is undoubtedly correct, if by it they mean to assert that such is the theory of the law in all cases. But if they mean to affirm that no judgment can be rendered without the actual presence and direction of the court, or judge, then it is not correct. The practice of allowing clerks and protho-notaries, in vacation, and in the absence of the court, or judge, and without his order or direction, to enter and record judgments by default and confession, is of very ancient date. It had its origin soon after the substitution of written for oral pleadings, and still prevails in England. It has obtained in many of the American states. It has been the constant practice of this state, from its organization to the present time. It also prevailed in the territory, at and before the adoption of our state constitution, as will be seen by a refer-ence to the statutes then in force. Prior to the passage of the code, it was regulated by rules of court. (See Rule 13, Old Rules.) It has frequently been recognized by this court, and never, to my knowledge, questioned, before the present time. *Holmes vs. Lewis et al.,* 2 Wis., 83 ; *Tallman vs. Tues-dell et al.,* 3 id., 443 ; *Remington vs. Cummings,* 5 id., 138.

In *Tallman vs. Tuesdell,* Mr. Justice Smith, who delivered the opinion of the court, used the following language, in ref-erence to section 17, of chapter 89, of the Revised Statutes of 1849 : "We are not aware that any authoritative construc-tion has been given to this provision ; but taken literally, it would seem to authorize the court or judge, at any time, whether in term or out, in case of default, to proceed to a final disposition of the case. The defendant having been regularly served with process, and time given him to plead answer or demur, failing to do either, or interpose any objection to the plaintiff's claim, is deemed to have admitted its correctness. The court or judge is then authorized to dispose of the case, either upon bill, or to require proof, or

to put the complainant upon an examination. This provision only applies to cases of default. It authorizes the taking of proofs by the judge or court in term, or out of term, and a decision upon questions of fact, as well as law." This language no more clearly implies that a judgment may be entered in vacation, when there is no court in fact in session, than that of the other two cases above cited. It seems to be taken for granted, in all of them, that such judgments may be entered. We are aware that in neither was the question here made, raised or directly adjudicated. We do not refer to them as direct authorities, but as evidence of the universal acquiescence on the part of courts, as well as the bar. It is well known to every lawyer, that instances of the entering of judgments in vacation, upon confession or by default, have been very frequent, and that their validity has never been seriously doubted or questioned. Silence is sometimes said to be equivalent to a direct consent. In questions like the present, where the practice has been so constant and uniform, and where it has been so universally sanctioned by the courts, the legislature, and the profession, we cannot but regard the silence with which it has been suffered to prevail, and the want of all objections to it, as equal to direct adjudications in its favor.

The objections here made to it are purely technical. Upon such we cannot consent to disturb it. A proceeding thus recognized and established, should only be overturned for causes which reach its merits and justice. The reasons for sustaining it are numerous and weighty. The same motives of necessity which operated to introduce it originally, still exist, and in a greater degree. Our courts have quite enough to do in the management and conducting of real contraversies between parties litigant, without being troubled with the oversight and direction of matters about which there is no dispute, and upon which there is no opportunity for the ex-

ercise of a judicial discretion. The same rule which would operate to compel the judge or court to command or direct the entry of judgment in such cases, if carried to its logical result, would likewise compel him personally to direct the whole business of the action ; and we would thus be brought back to the most ancient practice, when all of the important proceedings, of process, appearance, pleadings, orders, judgment, and execution, were conducted in *open court*, and in the immediate presence of the judges and parties. Every step in an action, from first process to execution, was anciently thus taken, and is still *supposed* to be, or was so supposed, before the adoption of the code. This *supposition* prevails in the case of a judgment entered in vacation, as well as in the other proceedings in the action.

Mr. Stephen, in his work on pleading, on page 110, says : "Judgments, like the pleadings, were formerly pronounced in *open court*, and are still always supposed to be so. But by a relaxation of practice, there is now, in general, except in the case of an issue in law, no actual delivery of judgment, either in court or elsewhere. The plaintiff or defendant, when the cause is in such a state, that by the course of practice he is entitled to a judgment, obtains the signature or allowance of the proper officer of the court, expressing, generally, that judgment is given in his favor; and this is called *signing* judgment, and stands in the place of its actual delivery by the judges themselves. And though supposed to be pronounced by the court, yet judgments are frequently signed in time of *vacation*, when the court is not sitting." And again, in speaking of the entering of the judgment on record, he says : "And when judgment is signed, not after trial, but on demurrer, or as by default, confession, &c., there having been no record yet made up, the whole proceedings, to the judgment inclusive, are to be entered for the first time on a parchment roll. This proceeding is called *entering the judgment*.

Though supposed to be the act of the court, the duty of making the entry in proper form belongs, in fact, to the attorney of the successful party." Upon this subject, see, also, Tidd's Practice, Vol. 1, title " of Judgments by Confession," and " of Judgments by Default ;" and Burrill's Practice, Vol. 1, pages 49, 50, 51, 52, and 369, *et seq.*

Upon this theory, or supposition, the objection that these provisions transfer to or vest in the clerk judicial powers, is entirely removed. The judgment, though in fact entered by the clerk, is, in the consideration of the law, what it purports on its face to be: the act and determination of the court . itself. Such having been the well known and understood practice at the common law, when the constitution was adopted, it cannot .for a moment be supposed that the framers intended by the provisions there inserted to abolish or change it. Nor do we think -that it is affected by the code. The intention of the legislature to retain the substance of the old proceedings, is plain enough. To be sure, the *fiction* by which the record was made to appear as if the judgment was rendered as of the preceding term, is gone, and the proceeding now appears what it really is, and always, in fact, was, a judgment rendered in vacation, when there is no court actually in session. Though not the judgment of the court, according to its legal sense or definition, yet to hasten the progress of business, and facilitate the ends of justice, it is to be regarded by the courts as such, and may be so regarded, as well without as· with the fiction or *supposition* formerly resorted to.

Judgment affirmed.

PAINE J., *dissenting.* I dissent from the opinion of the court that a judgment entered in vacation by the clerk of a circuit court,without the sanction or intervention of any judi-

cial officer, is a legal judgment. I shall not enter into any examination of the validity of those laws existing prior to the adoption of the code, under which judgments on confession were entered in vacation. For I think their validity may be conceded, without justifying the conclusion of the majority of the court. For there is this marked distinction between those laws, and that provision of the code under which this judgment was entered, that the former required the judgment itself to be signed by a judge or commissioner having judicial power, while the latter allows the whole to be performed by the clerk, who has not, and cannot have judicial power. I concede that even under the former laws, it would be difficult, by any satisfactory reasoning to show that a judgment rendered by a judge in vacation, was really the judgment of a court. But still it would have the sanction of that officer, who, in term constitutes the court, and who may, as the constitution clearly implies, exercise a portion of the judicial power in vacation. For although section 2, Art. VII., vests the judicial power " in there courts" the specified, yet sec. 23 of the same article, provides that persons may be appointed in each county, and judicial power vested in them, " provided that such power shall not exceed that of a circuit judge at chambers." A judgment on confession, therefore, rendered under the old law, in vacation, would be the act of that officer, who may, under the constitution, exercise judicial power in vacation. And it being conceded that he may exercise a portion of that power, and the constitution not having prescribed what portion, it might well be said, that it was competent for the legislature to regulate that matter at discretion. But whether there are any limits to its power in that respect, I do not consider it material to inquire.

The former practice and long acquiescence, therefore, so strongly relied on in the opinion of the court, extend only to the support of such judgments. For the laws of the Terri-

tory R. S., 1839, 226, sec. 2, and 228 sec. 13, expressly required judgments to be signed by a judge or court commissioner, and provided that no judgment on confession should be of any validity till so signed. And such having been the practice prior to the adoption of the constitution, when that instrument, as before shown, recognizes the fact that judicial-power may be exercised in vacation by a judge or commissioner, it may well be deemed to have contemplated, at least such portion of that power as had previously been so exercised. And we accordingly find that the laws of the state were the same in this respect as those of the territory, requiring judgments in vacation to be signed by a circuit judge or court commissioner, and providing that they should be of no validity till so signed. R. S., 1849, chap. 102, § § 2 and 14. While, therefore, I am willing to concede that it is competent under the constitution for the legislature to authorize the entry of judgments in vacation, by those officers who, under that instrument, may exercise judicial power, I think the existence of such a law, and the general acquiescence in their validity furnish no support for the conclusion that the legislature may authorize such judgments by an officer who has no judicial power. And it is by reason of this distinction that I am unable to admit the conclusion of the majority of the court.

The decisions of this court referred to go no further than to sustain the judgments of judicial officers. And instead of sustaining the position that the action of such officers may be dispensed with entirely, and judgment rendered by a clerk, I think so far as they have any bearing at all on the question, they are decidedly the other way. Thus, in *Holmes vs. Lewis*, 2 Wis., 83, it was held that before the clerk could assess damages, "there must be a *judicial* determination that the charge in the declaration is true." The word "judicial" is italicised in the opinion, implying, very distinctly that the

clerk was not competent to such a determination. And this is not left to mere implication, for the court proceeds to hold that the court could not, by rule or otherwise, depute its judicial power to a clerk, to be exercised by "rendering final judgments in vacation." And the language of the court clearly notices the distinction between the rendering of a judgment by the clerk, and the "entering up" of a judgment on confession, which, as before shown, could only be done by the sanction of a judicial officer. The entering of a judgment authorized by a judicial officer is a proper act of a clerk. The rendering of a judgment, without the intervention of any judicial officer is, in my opinion, a power with which he cannot be clothed. And this, I think, is precisely the distinction between the former and present practice.

In *Tallman vs. Truesdell*, the question was as to the power of the court of chancery to render a final judgment at special term. The power was very properly upheld, and in considering it, Justice Smith refers to another section of the statute, which, he says, "taken literally, *would seem* to authorize the court or judge, at any time, whether in term or out, in case of default, to proceed to a final disposition of the case." This language is guarded, and by no means commits the judge to the position that even a judge might under that statute have rendered a final judgment in vacation. But even if it did, the position may be conceded, as I have already attempted to show, without furnishing any sanction to a law authorizing a clerk to render a similar judgment. I think, also, that the decision of this court, as to the necessity of a judgment on confession being signed under the old practice, tends to support my conclusion. Section 2, chap. 102, R. S., 1849, which required judgments to be signed was repealed by chap. 197, Laws of 1851, and judgments on confession were afterwards quite generally entered up with-

out being signed.     But in *Remington & Perry vs. Cummings*, 5 Wis., 141, this court held that such judgments were void. It is true the decision seems to be placed on the effect of the statutes, but I am constrained to think the court, in coming to its conclusion, must have had in view the difficulty of sustaining a judgment entered in vacation by a clerk, without the intervention of any judicial officer.

The majority of the court admit that no part of the judicial power can be vested in a clerk, and they sustain the judgment in this case, upon the ground that it is not to be regarded as the judgment of the clerk but of the court. But I cannot see how this view can possibly be sustained. In the first place it does not purport to be rendered by the court, and if it did, it appears to have been rendered at a time when the court was not in session, and, therefore, not in existence for the purpose of rendering a judgment.

In *McDonald vs. Bunn*, 3 Denio, 49, the court says, "A judgment is the sentence of the law pronounced by the court. But the court can only be held in term time, and for the purpose of rendering judgments, it has no existence in vacation. Consequently a judgment cannot be rendered in vacation; and evidence, although in form that of a record, which states that a judgment was rendered in vacation, shows what could not possibly have occurred, and is, therefore, intrinsically null and void." This it states to be the law, independent of the statute of 1840, in New York, allowing judgments to be entered in vacation.

In *Hodges vs. Ward et al.*, 1 Tex., 244, it was held that a judgment rendered by a judge at chambers at a time when the court could not by law be held, was not and could not be the judgment of the court. In *Shepherd et al. vs. Wilson*, 1 Morris, Io. Rep., 448, it was held that a judgment entered at a time when the court could not by law be in session was a nullity. And this is unquestionably the general rule.

And the only exception to it that can exist under our constitution is that which allows a judgment in vacation by a judicial officer. And I have already admitted that it is difficult to sustain even this exception by any satisfactory reasoning. For it is hard to see how it can be shown that even a judge can render a judgment of the court, at a time when the court itself could not sit and render the same judgment. But, conceding this exception to be established, and that a judgment rendered by these judicial officers in vacation may by a resort to fiction and a stretch of legal intendment be considered as the judgment of the court, yet the exception goes no further, and in my opinion rests upon too questionable a foundation to justify the extension of the fiction to new cases.

It seems to me clear that the statute under which this judgment was entered, required of the clerk an exercise of judicial power. That he not only entered, but rendered the judgment. It requires proof to be filed with him of the service of the summons, and that no answer has been received. He is therefore obliged to decide on the sufficiency of the service, and come to the judicial determination, that on the pleadings and proofs presented to him, the plaintiff is entitled to judgment. This is an exercise of judicial power. To see it more clearly, separate his action as a mere clerk from the other powers, and confer the latter on some different officer. Suppose the statute provided that the same proofs should be made to a notary public, and on his determination that there was a default and ordering judgment it should be entered by the clerk ; would not this be conferring judicial power on the notary? It seems to me clearly so. And who could say that such a judgment could be considered as the judgment of the court? Yet the power may just as well be conferred on a notary, as on the clerk.

The clerk must judge whether the court has jurisdiction of the cause also. Suppose an action in some of the county

courts with limited jurisdiction claiming an amount beyond the jurisdiction. The clerk in deciding to enter a judgment on default proved before him must pass on the question of jurisdiction. In short, it seems to me too plain to admit of argument, that in order to obtain a final judgment, there must be an exercise of judicial power somewhere. And equally clear that in this instance it is exercised by the clerk, because it is not exercised by any other officer, he being the only one who acts at all.

It is undoubtedly true that the rules of the common law which required most judicial matters to be transacted in term have been greatly changed. But it has been by statute, and at a comparatively recent period. Chitty Gen. Pr., vol. 3, chap. 3. Such has also been the case in New York. But though I have not examined with very great scrutiny, I apprehend there were no constitutional restrictions to interfere with the discretion of the legislature as to the vesting of the judicial power. Such at least is the view taken of the practice in New York, in a recent decision in Michigan. *Chandler vs. Nash,* 5 Mich., 409. The provisions of the constitution of Michigan in respect to the judicial power are substantially like ours. And it was held in that case that the legislature could not confer on a notary public power to dissolve an at-attachment. And the court distinguish their constitution from that of New York by remarking, that the latter contained no such limitation as to the judicial power, and refer to *Sill vs. Corning,* 15 N. Y. Rep., 300, where the majority of the court sustain a law establishing a court in a village, although such court was not among those provided for in the constitution upon the express ground that the constitution did not require the judicial power to be vested in the courts which it established. I think therefore that the question cannot be tested by the practice in New York or in England; which, even there, has been introduced by positive statute;

but that it depends entirely on the question whether under our constitution, judicial power can be vested in a clerk; and, if not, whether the proceedings by him in entering a judgment under this act require an exercise of such power. And being of the opinion that he cannot be clothed with such power, and that he is required to exercise it in entering such a judgment, I think this provision of the statute authorizing a judgment to be entered by the clerk in vacation, without the action of any judicial officer, is invalid. And the following cases will, I think, sustain the view I have taken: *Bontor vs. Clay*, 1 Lit., 27; *Holmes et al. vs. Carr*, 1 Mo., 419; *Goddard vs. Coffeic et al.* id., 381; *Mathews vs. Moore*, 2 Murp., 181.

It is said that the objection is technical, and that it does not require the exercise of legal discrimination to enter a judgment on default, where the claim is confessed. This may be true, but to my mind it is a satisfactory answer to say that if the legislature may vest judicial power in the clerk as to those matters where the judicial action is very simple and easy, this will serve as a precedent to clothe him with those powers which are more difficult. If this judgment can be sustained, I can see no reason why the legislature may not extend the power so that the clerk may take the proofs and render the judgment in all those cases where specific relief is demanded as well as on a money claim. Indeed I see no stopping place. The objection is not so much to the evils of the practice as it is now allowed, as to the fact that it opens a passage through the provisions of the constitution, through which evils may enter.

I think within the case of *Hodges vs. Ward*, 1 Tex., 246, and *Remington vs. Cummings*, 5 Wis., 138, there was no judgment, and that the writ of error should be dismissed.

NOTE.—The Reporter, by mistake, ascribed to me the opinion in *Blaikie vs. Griswold, ante*, 293, which was in fact written by Justice COLE. I notice it here because, while I think there is no conflict between my conclusions in the foregoing opinion, and the points decided in that, there still is some conflict in the reasoning of the two opinions.        PAINE, J.