*W. W. Van Ness* opposed the motion, and urged, that to entitle to a struck jury, the cause ought to be important *and* intricate : that though he might allow the importance of every cause relating to character, yet, its intricacy he must deny, and both these circumstances are necessary by our statute.

*Per Curiam.* The words of the statute are, " in-" tricate *or* important." It is of great consequence to this court to protect its officers, and those of the public, in the discharge of their duty. Take your rule.

### Richard D. Arden and Epiphalet W. Close v. Randal Rice, Consider White, and Henry Townsend.

THIS cause had been noticed by the plaintiffs for argument, at the last term, on a general demurrer filed by the defendants to the declaration ; the court had, on the statement of the plaintiffs' counsel that the demurrer was merely for delay, overruled it, and granted a rule for judgment ; the counsel pledged himself to open the rule any day on an affidavit of good cause of demurrer, or of merits. On service of the rule for judgment, the defendants gave a *cognovit,* on which the plaintiff entered up his judgment in the last vacation.

*Foot* moved to set aside the judgment, contending that it could not be entered but in term.

Some little variance of opinion existing on the bench, respecting the practice on this point, it stood

over till the last day of term, when the court thus de-cided :

*Per Curiam.* By the 8th rule of *April* 1796, judgment, after a default entered, may be entered *at any time* after 4 days in term have intervened. The rule of *July* term, 1796, ordering all rules for judgment to be entered in term, and not in vacation, was abolished in *April* term, 1799, and restored the first rule. There is no good reason why 4 days in term should be given in this case to the defendants, any more than on a warrant of attorney to confess judgment. The defendants take nothing by their motion.

SPENCER, J. dissented, on the ground that the practice had been different.

*Robert Gilchrist* v. *Peter Van Wagenen and John I. Moore.*

*Augustine H. Lawrence* v. *Peter Van Wagenen.*

THIS was an application by the attorney of the plaintiffs, for liberty to file special bail in both suits, to enable him to surrender the defendant.

The circumstances, as disclosed on affidavit, were these : The defendant, *Van Wagenen*, had been arrested in both actions, one of which was for 4,000 dollars, and the other for 400 dollars, at a very late hour of the night, and was by the officer who took him, carried to the house of the plaintiff's attorney, who was then in bed. Being called up, the defendant requested him to take as bail one *John S. Moore*, who