Ex parte BUTLER and others *vs.* LEWIS C. P.

A judgment in the common pleas, by confession on bond and warrant of attorney, when the condition of the bond exceeds $500, is *not valid*, if the costs be taxed and record signed by a judge of the county, not being the *first judge*, or *of the degree of counsel* in the supreme court.

Such judgment will be set aside on the application of a *junior judgment creditor*, and an amendment will not be allowed by a signing of the record *nunc pro tunc* by a proper officer.

MOTION for mandamus. The relators applied to the Lewis common pleas to set aside two judgments in favor of J. W. and C. L. Martin, against *Walter Martin, junior*, entered on confession, by virtue of two bonds and warrants of attorney, on the fifth day of February, 1833. The condition of each bond *exceeded $500.* The costs were taxed and the records signed by a judge of the common pleas of Lewis county, who was not the *first judge* of the county, nor a *counsellor* of the supreme court, and for this cause the relators, who had obtained a judgment against the same defendant on the *sixth* day of February, and issued an execution thereon on the succeeding day, moved to set aside the judgments entered on the *fifth* day of February. The plaintiffs in the judgments first entered produced the assent of the defendant to have the records signed *nunc pro tunc* by a proper officer. The common pleas refused the motion of the relators, and gave leave to the plaintiffs in the first judgments to have the records signed by a proper officer *nunc pro tunc*. The relators now ask for a *mandamus* to the common pleas to vacate the rule giving leave to have the records signed *nunc pro tunc*, and to grant the motion made by them.

*W. Crafts*, for the relators.

*J. Edwards & S. Stevens*, contra.

*By the Court*, NELSON, J. It is enacted by the legislature, that no judgment shall be deemed valid so as to authorize any proceedings thereon, until the record thereof shall have been

<span style="float:right">June 6.</span>

*signed* and *filed*. 2 *R. S.* 360, § 11. In all cases in any court of common pleas, in which the total amount of costs to be taxed therein exclusive of disbursements is not limited by law, the costs shall be taxed and the records of judgment shall be signed only by the *first judge*, or some other judge of the county being of the degree of counsellor, and in case of the absence of the judges so authorized by the clerk of the court. 2 *R. S.* 282, § 35. In all cases, other than those provided for in the statute, if the plaintiff recovers in the court of common pleas judgment for a sum in debt or damages exceeding $50, such plaintiff shall recover the costs of that court and the fees allowed for services therein. 2 *R. S.* 614, § 11. Upon judgments recovered in any court of common pleas in the following cases, the plaintiff's costs, exclusive of disbursements, shall be taxed at the following sums and no more : 1. If a confession of judgment be given before notice of trial, $10,50 ; 2. On a judgment by default in debt, $10 ; 3. On a judgment by default and assessment by clerk, $13,50 ; 4. When the damages are assessed by a jury on writ of inquiry, $16. 2 *R. S.* 615, § 13. When judgment shall be rendered upon a confession without any action brought, costs shall be recovered as in other cases, except that if the sum actually due or intended to be secured shall not exceed $500, the plaintiff's and defendant's costs together shall not exceed $10, and if such sum do not exceed fifty dollars, no costs whatever shall be recovered. 2 *R. S.* 618, § 30.

It is clear, from an examination of these several provisions, that the costs on a confession upon bond and warrant of attorney are not limited, except when the sum due, or intended to be secured, is under $500. Not by the 13th section above referred to, because that applies exclusively to cases of suit brought, as is obvious not only from the express terms of the first subdivision of it, but from a view of the whole section ; and I am not referred to, nor can I find any other provision in the statute fixing the amount, and if not so, then the case falls within the 11th section, p. 614, which gives common pleas costs in all cases not otherwise provided for. That is the only provision under which the rule for the costs in this case can be found, and is applicable to all cases in the common

pleas, if there is no other provision specially fixing or limiting them, and is obviously referred to by the words in the 30th section, p. 618 : "When judgment shall be rendered upon a confession without any action brought, *costs shall be recovered as in other cases.*" It is said that the plaintiffs in the judgments in the common pleas might waive the taxation of costs to which they were entitled by law, and take them after the rate, and in a mode according to which the judge confessedly had the right to tax them. This would be assuming that the amount when thus taxed would *be less* than when taxed at the legal rate, which may or may not be true. The decisive objection, however, is the want of authority in the officer not only to tax the costs in the given case, but particularly as it regards signing the records. To allow the force of the argument would be a palpable evasion of the statute.

The next question is, had the common pleas authority to amend the records so as to give effect to them by relation back to the *time* when they were docketed ? In the case of *Seaman* v. *Drake,* 1 *Caines,* 8, a motion was made, among other things to set aside a judgment on the ground that the roll had not been signed by the clerk before it was filed ; the judgment was duly docketed, an amendment was allowed *nunc pro tunc,* on the ground that the error arose from the negligence of the officer of the court, which it was said should not be allowed to prejudice the party. In *Close* v. *Gillespy,* 3 *Johns. R.* 526, judgment had been entered on a warrant of attorney, and through mistake the defendant's attorney had not signed the plea, nor was his name inserted in the roll ; the amendment was allowed *nunc pro tunc,* so as to give preference to it to a junior execution. This case was decided upon the principle of *Seaman* v. *Drake,* that the omission proceeded from an officer of the court. In *Chichester et al.* v. *Carde,* 3 *Cowen,* 39, the court allowed a record which had been duly signed to be filed *nunc pro tunc,* that by accident had not been filed at the time execution was issued, and that as against an execution on a judgment entered subsequently to the first one, it appearing that the plaintiff in the junior judgment had notice of the first judgment before his was obtained. The decision would have been different, I presume, so far as the real estate

of the defendent was concerned: which, I think, may be fairly inferred from the opinion of Judge Woodworth, and Judge Sutherland obviously guarded against any conclusion which might be drawn beyond the particular case itself. The record there was properly signed, which gives to it its validity, as in England execution might issue before record filed; and upon that idea and the peculiar circumstances of the case was that cause decided. In *Hart* v. *Reynolds, 3 Cowen,* 42, *n.*, a judgment was entered on warrant of attorney, in favor of the plaintiff, against *Elisha* Reynolds; the bond and warrant were given by *John* Reynolds; afterwards a judgment was obtained by Taylor & Doe against *John* Reynolds, and the question was between the two judgments as to the real estate of John. A motion was made to set aside the first, and a cross motion to amend; Taylor & Doe had actual knowledge of the first judgment, and supposed it to be regularly entered until after their judgment was perfected. The amendment was allowed as against them, reserving the rights of *bona fide purchasers and mortgagees* from John Reynolds, between the first docket and the amended judgment. When this decision was made, the statute provided that a judgment not docketed should not affect any lands and tenements *as to purchasers or mortgagees,* &c. 1 *R. L.* 501, § 2, 3; and hence the reservation of those rights in the order of amendment entered. Then we had no statute requiring the *filing* of the record before execution issued, nor was it necessary according to the practice in England. The practice of our courts, however, was to require it to be filed. 20 *Johns. R.* 309. 3 *Cowen,* 57. The 2 *R. S.* 360, § 11, provides, that no judgment shall be *deemed valid, so as to authorize any proceedings thereon,* until the record thereof shall have been *signed and filed;* and section 12, no judgment shall affect any lands, &c. or have any preference as against *other judgment creditors,* purchasers or mortgagees, until the record thereof be filed and docketed as herein directed. It will be seen, therefore, that *judgment creditors* are now put upon the same footing in this respect, as purchasers and mortgagees were, by the law of 1813, 1 *R. L.* 501.

Now, in this case, the judge who signed the record, acted without authority and beyond his jurisdiction. The case does not fall within the rule, that the court will not permit a party to suffer by the error of its officer. So far as the act of signing was concerned, the judge was not an officer of the court, he having no more right to perform it than any other individual. To allow an amendment in this case, *nunc pro tunc*, so as to save the lien of the judgments when docketed, or priority of executions, would be overlooking all the provisions of the revised statutes, and establishing a precedent that must sustain every judgment, when a paper in the form of a record has been filed by the attorney and docketed, disregarding every injunction of the statute. The record in this case has no more validity than if the attorney had filed it, when it came from the hands of his clerk; it was mere blank paper, so far as the judgment was concerned. The release of all errors in the warrants of attorney and pleas cannot cure the defect. There was a want of jurisdiction in the officer signing the roll, which no act of the party can remedy, according to long established principles. Nor does any provision of the revised statutes authorize the amendment as made in this case.

Mandamus granted to vacate the rule of the common pleas, and to set aside the first judgments, so far as the relators are concerned.