ALBANY,
Dec. 1835.

Judges of
Lewis C. P.
v.
The People.

THE JUDGES OF THE LEWIS COMMON PLEAS *vs.* THE PEOPLE
ex rel. BUTLER and others.

A judgment in the common pleas, by confession on bond and warrant of attorney, where the condition of the bond exceeds $500, is not *valid,* if the costs be taxed and record signed by a common pleas judge, not being the *first judge* of the county, or of the *degree of counsel* in the supreme court.

ERROR from the supreme court. A mandamus was granted by the supreme court, directing the common pleas of Lewis county to vacate, a rule of that court, ordering certain judgment rolls to be signed *nunc pro tunc.* The judgments had been signed and costs taxed by a judge of the common pleas, who was not the *first judge,* or of the *degree of counsel* in the supreme court. They were entered on two bonds and warrants of attorney, the money secured to be paid in the condition of each *exceeding five hundred dollars,* and it was held by the supreme court, that in such cases a judge of the common pleas, not being *first judge,* or of the *degree of counsel,* had no authority to tax costs and sign judgments. *See* 10 *Wendell,* 541. It however appearing, from the return to the mandamus, that on the same day, and previous to the time when the judgments were signed by the judge, the judgment roll in one of the cases was signed by the *clerk of the county,* in the absence of the first judge from the county, it was held by the court for the correction of errors that the judgment thus signed was legally signed, although the attorney for the plaintiffs in such judgment had entered a rule in the common rule book, vacating such signing by the clerk, and subsequently procured the roll to be signed by the judge. The judgment roll signed by the clerk was for the greater amount of the two judgments : one being for $2600, the bond in which case was conditioned for the payment of $1300, and the other being on a bond, in the penalty of $1200, conditioned for the payment of $600. The *court for the correction of errors* thereupon *reversed* so much of the judgment of the supreme court, allowing a mandamus, as directed a vacatur of the *nunc pro tunc*

rule, so far forth as it related to the larger judgment, and *af-*
*firmed* the judgment as to the residue.

Judgment accordingly.