## HEMPSTEAD VS. DRUMMOND.

1. ENTRY OF JUDGMENTS IN VACATION BY CONFESSION. The statute of the Territory (Laws 1843, 105) authorizing the entry of judgments by confession in the district court, in vacation, is a valid and constitutional enactment, and a judgment entered pursuant to the act is valid and binding as though it were rendered in term time, and execution may issue thereon with like effect.

2. SAME. The act of 1843, authorizing the entry of judgments by confession in the district court, in vacation, does not confer judicial power on

the clerk; under the act his duties are ministerial, and a judgment thus entered derives its binding force by consent of the defendant expressed in the warrant of attorney. *Wells v. Morton,* 10 Wis. 468.

AGREED CASE from the District Court of *Iowa* County.

The facts are fully stated in the opinion of the court.

*C. C. Washburn,* for plaintiff.

*F. J. Dunn,* for judgment creditor.

MILLER, J.   This case is presented to this court for its consideration, by consent, upon a statement of facts agreed upon and returned with the record, and it is disposed of as if brought up by writ of error.

*Robert A. Drummond* being indebted to *William Hempstead,* upon a promissory note, on the 6th day of March, 1844, made and executed a warrant of attorney under seal, constituting and appointing C. C. Washburn his attorney, to appear in the district court of Iowa County, in term time, or in vacation, and without process or pleading of any kind; and confess judgment for said *Drummond* and in his name in favor of said *William Hempstead,* for the sum of money due upon said promissory note, attached to said warrant of attorney.   On the 4th day of April, 1844, the said attorney appeared before the clerk of the said district court, in vacation, and confessed a judgment in favor of said *Hempstead* for the sum of $794, that being the amount appearing to be due upon said promissory note.   And afterward, on the 28th day of May, same year, an execution was issued upon said judgment and placed in the hands of the officer, which said execution was levied upon property of said *Drummond,* which was by virtue thereof sold at sheriff's sale, and purchased in by said *Hempstead,* and due return thereof made.

At the September term of the district court of Iowa county, in the year 1844, a subsequent judgment creditor of said *Drummond,* moved the court to quash the execution issued at the suit of said *Hempstead* against said

*Drummond*, and to set aside the sale made thereon; for the reason that there was no legal and valid judgment in said case on which said execution could be legally issued; which said motion was sustained by the court. By consent, the question is submitted to the consideration of this court, whether the said amicable judgment, entered in vacation is valid, and whether the execution could be legally issued thereon.

The act on page 105 of the laws of Wisconsin Territory, passed at the session commencing on the 3d day of December, 1843, is adjudged to be in force in this Territory. The second section of said act provides, "That judgments may be entered in the district court in vacation, or in term, upon a plea of confession, signed by an attorney of such court, although there be no suit then pending between the parties, upon filing with the clerk the authority for confessing such judgment, a declaration, plea of confession, and a copy of the bond, contract, or other evidence of the demand for which judgment is confessed; *provided*, that the authority for confessing such judgment shall be in some proper instrument distinct from that containing the bond, contract or other evidence of demand." No part of the judicial power of the Territory is vested in the clerk of the district court. He cannot call the parties before him and adjudicate or pass upon their rights.

The ministerial duties, pertaining to the courts, are alone conferred upon him. If this act had authorized any judicial duty or power to be performed by the clerk respecting judgments entered in vacation, there is no doubt that this act would be void, so far as it should confer this power. This duty or power seems to have been conferred upon the clerk for the use and convenience of suitors; of both debtors and creditors. There seems to be no more impropriety in allowing parties amicably to settle and adjust their accounts, and the debtor to secure his creditor by an amicable judgment confessed and entered in the office of the clerk of the district court,

than to execute and deliver a mortgage, and have it entered of record in the office of the register of deeds. By the designation of the *district court*, nothing more is meant than the forum of the judiciary. There is no more an adjudication necessary in entering and recording an amicable judgment than in executing and recording a mortgage. By this act the legislature merely authorized the clerk to enter such judgments as may be amicably confessed by the parties, in the manner therein prescribed. The record can only be made by the clerk, on the authority of the defendant. It is done with his consent alone, given for the security of his creditor. Instead of condemning such proceeding, we should rather favor it. As the legislature has authorized parties, in this manner, amicably to conclude their difficulties, it will not do for the courts to refuse the use of their dockets, and the agency of their officers, for such a purpose. The legislature have a right to declare what shall constitute a legal lien.

It is contended that fraud and imposition might be practiced in such proceedings before a clerk. Frauds can just as readily be practiced between the parties in court, by entering an amicable judgment. If it be admitted that a man ought not to confess a judgment in vacation, because fraud might be practiced, it might be successfully contended, that for the same reason, he should not give a bond and mortgage, except in open court. It is well settled, that any judgment, whether entered in term time in open court, or in vacation, can be opened for fraud or imposition.

Such a proceeding as this has been authorized in, probably, every State in the Union, and is sustained by the courts without the least doubt of its propriety. Many titles are predicated upon such judgments as this, in the different States, and are considered as valid, as upon judgments entered in open court. Nothing is more common than judgments entered in vacation in the States, in pursuance of laws similar to the law of this Territory. And as the judgment is authorized, by withholding the

writ of execution the object of the law would be defeated. If a man is willing to confess a judgment in vacation, and that his property may be exposed to sale without delay for the satisfaction of his debt, the court should not interpose any obstacle.

In this case, there is no allegation of fraud or imposition. No objection is made to the judgment of *Hempstead* but that it was entered in vacation, by and with the consent and authority of the defendant.

It is the opinion of this court, that the order of the district court, quashing the execution and setting the sale aside, was erroneous. It is therefore ordered and adjudged by the court now here, that the said order of the court, quashing the execution and setting aside the sale in this case, be and the same is reversed, and that it be so certified to the said district court.

DUNN, C. J., *dissenting.*