## Case No. 1,630.

### BONNELL et al. v. WEAVER.

[5 Biss. 22.][1]

Circuit Court, D. Wisconsin. April, 1856.

COURTS—VACATION—JUDGMENT—BY CONFESSION—VACATUR—NEW JUDGMENT.

1. Judgment in vacation cannot be entered unless in pursuance of a positive statute, whose provisions must be fully complied with.

2. In Wisconsin, the authority to confess the judgment must be in the statutory form, and be produced before the officer entering the judgment.

3. Equivalent provisions cannot be substituted by the court, for the positive statutory provisions.

4. It is competent for the defendant to move to vacate the judgment, and also for the court thereupon, the proper papers being before it, to render a new judgment and issue execution.

[At law. Alexander Bonnell and others against F. M. Weaver. Defendant's motion to vacate the judgments herein granted.]

MILLER, District Judge. These three suits were commenced by attachment, with affidavits annexed, and before the marshal had taken an inventory, the defendant gave to the plaintiffs in such cases a cognovit, whereby he confessed the debt and consented that a judgment might be entered immediately and an execution be issued upon the judgment. There was no express authority from the defendant to the clerk to enter the judgments in vacation, but they were entered in vacation, and executions were issued and served by seizing the defendant's goods in store. The defendant has moved the court that the entry of judgments in these cases be vacated and the executions set aside for

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the reason that the judgments are irregular and void. The reason is not specified, but we understand that these judgments were entered on the docket in vacation without lawful authority.

Rev. St. §§ 534-536, are copied from the statutes of the state of New York, called the Revised Statutes of that state, in 1829. Section 13, provides that "judgments may be entered in vacation as in term upon a plea of confession signed by an attorney of such court, although there be no suit then pending between the parties, * * * if the following provisions be complied with, and not otherwise." Then the provisions are specified, which are not pursued in these cases. The reading of this section is this: "Although there be no suit then pending between the parties, judgments may be entered in the supreme or in any court of record in vacation as in term upon a plea of confession signed by the attorney, if the following provisions be complied with, and not otherwise." The federal courts, in pursuance of acts of congress, recognize the laws of the states in regard to the entering and recording of judgments and these liens. They are rules of property which the federal courts must observe. It would work great confusion to have one set of laws regulating property as to its title in this court and another in the state court. We then pursue in this particular the statutes of the state. A judgment is the sentence of the law pronounced by the court; but the court can only be held in term time as may be prescribed by law, and for the purpose of entering judgments has no existence in vacation; consequently, a judgment cannot be entered in vacation unless in pursuance of a positive statute, whose provisions must be complied with. Under the old system in New York, judgments were entered in vacation upon cognovit, but whether before or after the first term does not appear. Arden v. Rice, 1 Caines, 498; Hogeboom v. Genet, 6 Johns. 325. I have not been able to find a case since the Revised Statutes of 1829, but in 1840 (Laws 1840, p. 334, § 23) it is provided that "judgments may be entered and perfected at any time in term or vacation." We have no such provision in this state. In England, judgments may be perfected after the term, even in vacation, and may be entered even without declaration.

The following points are ruled here: 1. No statute is necessary to enable the court to enter a judgment, although the court will follow the forms of practice prescribed by statute as the rules of this court in the absence of a statute. 2. As the court is only in legal existence to exercise judicial power at such times as may be prescribed by law, a positive statute is necessary to authorize an entry of a judgment in vacation. And then it is only a nominal judgment or statute lien. 3. To make a judgment entered in vacation valid against the defendant, all the forms prescribed by law must be substantially complied with. 4. The cognovits in these cases are not a compliance with the provisions of the statute. They are not signed by an attorney of this court. The authority for confessing such judgments was not in any proper instrument, nor was the authority produced to the officer signing the judgment. 5. A court of law cannot substitute equivalents for positive statutory provisions, when the statute directs that these provisions shall be observed, and not otherwise. 6. These cognovits are confessions of the debt and an authority to the court to enter judgment immediately; that is, whenever they are brought into court. They are no more than if the defendant came into court in his own proper person and acknowledged judgment ore tenus. 7. It is competent to the defendant to move that these judgments be vacated. 8. The court can now proceed after the vacation of the judgments, to render judgments upon those cognovits and to issue executions. 9. The court cannot now determine whether these plaintiffs have any rights by reason of the verbal arrangements stated in the affidavit of Mr. Van Dyke, to the exclusion of the other execution creditors. But if such right be claimed, it will have to be ascertained after the proceeds of sale are brought into court for distribution, which may be done by a rule upon the marshal, or the marshal may bring the money in of his own accord and ask the court to distribute it. 10. These three judgments will now be vacated and the executions set aside. 11. If judgments be now entered and executions be issued, there need not be a new advertisement, as there are other executions in the marshal's hands, upon which the property seized has been advertised for sale.

NOTE [from original report]. See further that a judgment cannot be entered by the clerk of court except in pursuance of positive provisions of statute. Holmes v. Lewis, 2 Wis. 83. And see Hempstead v. Drummond, 1 Pin. 534, decided by Miller, J., when a justice of the supreme court of Wisconsin. A judgment by confession entered upon warrant of attorney in vacation must be signed by a judge or court commissioner. Remington v. Cummings, 5 Wis. 138. A judgment entered by the clerk of court upon warrant of attorney, in 1855, and not signed by a judge or court commissioner, was void and could not be afterward amended by the court by adding such signature so as to give it a retroactive effect. Fairchild v. Dean, 15 Wis. 206. As to the supervision a court of law will assume over a judgment entered by confession, consult Brown v. Parker, 28 Wis. 21.