THE STATE OF DELAWARE, Defendant below Plaintiff in Error,
v. THOMPSON R. SMITH, ELIAS SHOCKLEY, of W., and
GEORGE R. SWAIN, Plaintiffs below Defendants in Error.

*Official Bond—Omission of Seal—Release of Sureties.*

The official bond of a collector of county taxes when given was signed by the col-
lector and signed and sealed by his several sureties.   Subsequently the principal
in said bond affixed a seal to his signature, without the knowledge or consent
of the sureties.   Afterwards, by virtue of the warrant of attorney contained
therein, judgments were entered against the principal and sureties in said bond :
*Held* that said judgments were null and void and should be vacated.

(*January 24, 1890.*)

ERROR to the Superior Court, Sussex county.

In the court below the following case stated was agreed upon
by counsel for the respective parties.

That the Levy Court of said county of Sussex did on the 1st
day of February, A. D., 1881, appoint Stephen W. Shockley, the
Collector of Cedar Creek hundred.

That on the 5th day of March, A. D., 1881, the said Stephen
W. Shockley and the said Thompson R. Smith, Elias W. Shockley,
of W., and George R. Swain executed what purported to be a bond
in favor of the State of Delaware for the penal sum of ten thous-
and dollars.

That a copy of said bond is herewith appended, marked A.

That, at the time of signing said bond, there was no seal
affixed to the name or signature of said Stephen W. Shockley by
omission or neglect to affix the same.

That on the 9th day of February, A. D., 1883, at the instance
of and request of Samuel Bacon, president of the said Levy
Court, the said Stephen W. Shockley affixed a seal to his signature
in the presence of the said William F. Causey, who attested the
same by and with the consent of the said Stephen W. Shockley.

That the said seal was added or affixed by the said Stephen W.

Shockley without the knowledge or consent of the said Thompson R. Smith, Elias Shockley of W., or George R. Swain, the above plaintiffs who had signed and executed the said purported bond as sureties thereof.

That on the 12th day of February, 1883, four several judgments for ten thousand dollars each were confessed in said Court under and by virtue of the joint and several warrant of attorney attached to said bond, being Nos. 165, 166 and 167 to October Term, A. D., 1882, and execution issued thereon.

Upon the above statement of facts the said parties pray the judgment of the said Superior Court, whether the addition of the seal to the same or signature of the said Stephen W. Shockley at the time and in the manner aforesaid did not release and discharge the said Thompson R. Smith, Elias Shockley, of W., and George R. Swain, the sureties of the said Stephen W. Shockley, in said instrument, from all liability as sureties of the said Stephen W. Shockley therein, and whether said judgments and executions issued thereupon should not, so far as said sureties, the said Thompson R. Smith, Elias Shockley, of W., and George R. Swain, are concerned, be vacated, stricken out, and held for naught.

WILLIAM F. CAUSEY, Attorney for Plaintiffs.
C. M. CULLEN, Attorney for Defendant.

A.

KNOW ALL MEN BY THESE PRESENTS,

That we, Stephen W. Shockley, T. R. Smith, Elias Shockley, Geo, R. Swain and William V. Shockley, of the county of Sussex and State of Delaware, are held and firmly bound unto the State of Delaware, in the sum of ten thousand dollars lawful money of the said State of Delaware, to be paid to the said State or its certain attorney, to which payment well and truly to be made and done, we bind ourselves, our heirs, executors, and administrators, each and every one of them and as jointly for and in the whole, firmly by

these presents, sealed with our seals and dated the fifth day of March, in the year of our Lord one thousand eight hundred and eighth one. .

*The Condition of the above Obligation is such,* That if the above bound Stephen W. Shockley, being collector of Cedar Creek hundred, in Sussex county, shall faithfully and dilligently collect all the rates and taxes which he shall, according to the duplicate and warrant to be issued to him as such collector, be required to collect, and all the taxes whatever which shall be committed to him for collection, and shall pay the amount of all such rates and taxes excepting only so far as allowances shall be made to him by the levy court for delinquencies, commissions or otherwise, to the officers authorized by law to receive the same, in the manner and within the times prescribed by law or legally appointed by the levy court of said county for that purpose and furthermore, if the said Stephen W. Shockley shall perform the duties of his office of col·lector as aforesaid, in all things, with fidelity, then the above obligation shall be void.

*And further,* We do hereby authorize and empower any attorney-at-law, practicing within the aforesaid State, to appear for us, and each of us, and after one or more declarations filed for the above sum of ten thousand dollars thereupon to confess judgment or judgments as of any term or time after the date hereof, with stay of execution agreeable to the laws of the aforesaid State of Delaware, hereby releasing all error or errors that may happen to be in entering said judgment or judgments, or the execution which shall be issued thereon.

WITNESS our hand and seals the day and year first above written.

Signed, Sealed and Delivered
   in the Presence of Us, ⎫
                          ⎬   S. W. SHOCKLEY,          [SEAL.]
W. A. SCRIBNER,                T. R. SMITH,             [SEAL.]
JOHN SHAW,

                                        his
WILLIAM F. CAUSEY, as to   ELIAS x SHOCKLEY, of W., [SEAL.]
   handwriting and seal of     mark.
   S. W. Shockley.   Seal
   added February 9, 1883,  GEORGE R. SWAIN,           [SEAL.]
   by Mr. Shockley.

                            WILLIAM V. SHOCKLEY,       [SEAL.]

THE COURT below rendered the following decision :

And now to wit, this 14th day of April, A. D., 1887, the above and foregoing case stated coming on to be heard, and after argument thereupon had by the counsel on both sides and after mature deliberation thereupon had by the Court, it was adjudged that upon the facts set forth in the case stated the said instrument was not binding upon the said T. R. Smith, Elias W. Shockley, of W., and G. R. Swain, and that the several judgments entered against them respectively by virtue of the warrant of attorney in said instrument are and are hereby decided to be null and void together with the executions issued thereon.

The defendant below assigns error for the following reasons :

1. That the Court below erred in deciding that the said instrument in said case stated in the record, and the matter therein contained, in manner and form, as the same are therein set forth, were not sufficient in law for the said plaintiff, to have and maintain his action against the said defendants, and that therefore the said instrument was not binding upon the said T. R. Smith, Elias Shockley of W., and George R. Swain ; whereas the contrary thereof,

this plaintiff insists, that the said instrument, and the matters therein contained, in manner and form, as the same are therein set forth, were and are sufficient in law in that behalf, and that the judgment of the Court below should have been for the plaintiff.

2. That the Court below erred in deciding that the several judgments mentioned and set forth in said case stated, as entered in the said Superior Court versus the said defendants in error, in pursuance of a warrant of attorney, were null and void, together with the executions issued thereon; whereas the plaintiff insists that such judgments were good and valid in law, as also the executions thereon issued, and that the judgment of this Court should have been for the plaintiff.

3. That the judgment of the Court below on the said case stated should have been for the plaintiff and not for the defendants.

4. For that the Court erred in deciding that the instrument or bond in said case stated, commonly called a collector's bond, was invalid and void by reason of the same not having been executed according to the requirements of the Act of Assembly in that behalf; whereas, in the case stated, the validity of the said bond was admitted as one of the facts agreed upon by the parties thereto, and judgment could only be rendered on the question submitted in said case stated for the decision of the Court.

5. For that the Court erred in rendering judgment in said case stated in favor of the defendants in error, in this: that no matter could be considered in said case stated other than the question of law as to the affixing of the seal, since the same is expressly limited for the judgment of the Court.

6. For that the Court erred in rendering a judgment as to the liability of the sureties under the case stated, when the question under said case stated is restricted to the one single matter, whether the addi-

tion of the seal to the signature of the said Stephen W. Shockley, etc., did not discharge sureties, etc.

7. For that the Court erred in deciding that the said bond was illegal and void, under the provisions of the Act of Assembly, whereas the said bond was a valid bond and sufficient to bind the principal and sureties at common law, irrespective of any statutory provision in relation thereto.

*Charles M. Cullen* and *David T. Marvel*, for plaintiff in error:

## I.

The only question submitted in the above stated case was whether the addition of the seal as set forth in the case stated did not release and discharge the sureties of Stephen W. Shockley. The validity of the bond was admitted as one of the facts agreed upon by the parties to the said case stated.

*Fountain v. Harrington,* 3 Harr. Rep., 22; *Bean v. Farnam, et al.,* 6 Pick., 269, Margin; *Solomons v. M'Kintry,* 13 Johns, 27; *Ravee v. Farmer,* 4 Term, 146; *Cook v. Carpenter,* 34 Vt., 121; *Sessions v. Barfield,* 2 Bais. (S. C.), 94; *Lee & Rector v. Onstott, Adminr.,* 1 Ark., 206; *Smith v. Kincaird,* 7 Hump., 28; *Gibson v. Powell,* 5 Smd. & M., 712.

The alteration of a bond does not vitiate it, if such alteration be immaterial, or made without fraud, or by a stranger, or to carry out the intention of the parties.

*Parsons on Contracts,* 716, etc., and note; *Brandt on Surety and Guaranty,* 336; *Byles on Bills,* 323, etc.; 2 *Parsons on Notes and Bills,* 569, 76; 1 *Saunders, Pleading & Ev.,* 77; *Worrell v. Gheen,* 39 Pa., 388; *Kelley et al v. The State,* 25 Ohio State, 567; *Adams v. Frye,* 3 Metc., 103; *Granite Railway Co. v. Bacon,* 15 Pick., 239. *Eatton v. Simpson,* 35 Eng. Com. L., 355; *Atwood and others v. Griffin and others,* 12 Eng. Com. L., 176; *Byron v. Thompson,* 39 Eng. Com. L., 19; *Brutt v. Picard,* 21 Eng. Com.

L., 376 ; *Sideways v. Dyson, et al.*, 3 Eng. Com. L., 238 ; ———
——— ———, 8 Watts, 448 ; *Kershaw, et al. v. Cox*, 3 Esp.,
246 ; *Clute and Bailey v. Small*, 17 Wend., 238 ; *Welch v. Coul-
born*, 3 Hous., 647.

## III.

If the bond is not a good statutory bond it is nevertheless
good at common law and binding upon the sureties, notwithstand-
ing its imperfection.

*Murfree on Official Bonds*, 62, 63, 71, 430, 135 ; *Brandt on
Surety and Guaranty*, 442, 127, 475 ; *State v. Bondman*, 10 Ohio,
445 ; *Howard v. Brown*, 21 Me., 385 ; *Pickering v. Dey*, 3 Hous-
ton, 475 ; *Herrick v. Johnson*, 11 Metc., 26 ; *Montville v. Houghton*,
7 Conn., 543 ; *U. S. v. Lynn*, 15 Peters, 290 ; *Skellinger v. Yendez*,
12 Wend., 306 ; *Trustees v. Scheik*, 10 Bradwell (Ill. app.), 51 ;
*Smith v. Pain Co.*, 59 Ill., 412 ; *Adams v. Bean*, 12 Mass., 136 ;
*Smith v. Crooker*, 5 Mass., 538 ; *Trustees of School, etc., v. Scheick*,
8 N. E. Rep., 189 ; *Templeton and others v. Commonwealth, etc.*,
8 Atl. Rep., 167 ; *Taylor & Co. v. King, et al.*, 34 N. W. Rep., 34.

## IV.

A bond is not void simply because not conforming to the
statute.

*Cobb v. Commonwealth*, 37 B. Monroe, 391 ; *State v. Layton*,
4 Harr., 512 ; *Commissioners v. May*, 3 Ohio, 103 ; *Amor v. All-
mor*, 10 Miss., 215 ; *State v. Thompson*, 49 Md., 108 ; *Bank United
States v. Daindridge, et al.*, 64, 12 Wharton, Repts.

But so considered only when the statute declares it so.

*Vandune v. Haywood*, 17 Wend., 67 ; *King v. Gibbs*, 26
Wend., 502.

## V.

The sureties in an official bond are estopped from setting up
in avoidance of their liability the deficiency of their principal title

to the office.   They are equally bound, whether he is an officer *de facto* or *de jure*.

*Murfree on Official Bonds,* 673 4, 432 7, 278, 322, 701,   210, 299, 733, 157 and  756; *Brandt on Surety and Guaranty,* 445; *People v. Jenkins,* 17 Cal., 500; *County of Redwood v. Tower,* 28 Minn., 45; *Billingsly et al. v. The State,* 14 Md., 369;  *Weston v. Sprague,* 54 Vermont, 395; *State of Nevada v. Rhoades,* 6 Nev., 352; *Jones, Governor, v. Scanlant et al.,* 6 Humph., 195; *Commonwealth for Harris v. Teal,* 14 B. Monroe, 29 ; *Hoboken v. Harrison,* 30 N. J. Law, 73; *Taylor v. The State,* 51 Miss., 79 ; *Green et al. v. Wardwell et al.,* 17 Ill., 278.

## VI.

Failure of  principal to sign does not discharge the sureties in this case.

*Huntington v. Frich,* 30 Ohio State, 445 ; *Governor v. Sayow,* 43 Ill.,  134; *Williams v. Marshall,* 42 Barber, 525; *Low v. Stocker,* 68 Pa. State, 326; *Murfree on Official Bonds,* 757, 758, 759.

## VII.

As to bond of collector required by statute, Revised Code, Chap. 8, Sec. 19; Revised Code, Chap. 12, Sec. 2.

*William F. Causey* and *Edward Ridgely,* for defendant in error :

Section 19, of Chapter 8, Revised Code of Delaware, is as follows:

" The Levy Court in each county shall, in the month of February in every year, appoint a collector for each hundred in their country, who, before his appointment shall be deemed complete, shall give bond as provided by Chapter 12.   If any person appointed a collector shall not give bond within the time limited by

said court, the appointment shall be void and another person shall be appointed in his place, and so on until the person appointed give bond."

Section 2 of Chapter 12: "Before his appointment shall be deemed complete, he shall give bond to the State of Delaware, with at least two sureties, being freeholders of the county, to be approved by the Levy Court.      *      *      *

To the said bond shall be subjoined a warrant of attorney to confess judgment thereon, and the said bond and warrant shall be joint and several."

Section 3. "The bonds of the collector shall be filed and kept in the office of the Clerk of the Peace, and shall be proceeded on at the instance of the County Treasurer, or the Treasurer of the Poor, or by the order of the Levy Court."

Also refer to Section 6, page 55, Revised Statutes.

The first question for consideration is whether the instrument accepted as a collector's bond was in fact a bond within the requirements of the statute; for, if it was not, Shockley was not a collector of taxes.

A bond or obligation is an instrument under seal, where by one person becomes bound to another for the payment of a sum of money or for the performance of any other act or thing.

*Hurlstone on Bonds*, page 1, Law Library, Vol. 9.

The mere statement in the body of the instrument—"witness our hands and seals," does not complete a sealed instrument without the actual fact of a seal or device representing a seal.

*Armstrong v. Pearce*, 5 Har., 351; *Stabler v. Cowman*, 7 Gill., & Johnson, 284; 53 *English Commercial Law Report*, 232; *Bean v. Parker*, 17 Mass., 591.

A bond required by the statute may vary from the statutory requirement and still be a good common law bond, but there can be neither a statutory or common law bond without a seal; and an

instrument purporting to be sealed, but without any seal or scrawl cannot be sued on as a bond.

*State of Missouri v. Thompson*, 49 Mo., 188 ; *Grimsley v. Riley's Adm.*, 5 Mo., 280 ; *Cutles v. Roberts*, 7 Nebraska, 4 ; *Murfree on Official Bonds*, 7 ; 21 Com., 596 ; 39 *Mich.*, 187.

In order that a bond required by statute may be valid and bind the sureties, it must be under seal, for otherwise it is not a bond.

*Brandt on Suretyship*, 579, Sec. 442 ; *State of Missouri v. Thompson*, 49 Mo., 188 ; *State of Md. use of Gilkerson, et al. v. Hunibird, et al.*, 54 Md., 327.

A bond running in the names of several persons, one as principal and the other as sureties, but subscribed only by the sureties, is not obligatory on them.

*Wood v. Washburn*, 2 Pick., 24 ; *Bunn v. Jetmore*, 70 Mo., 228 ; *Bean v. Parker*, 17 Mass., 591 ; *Russel v. Annable*, 109 Mass., 72 ; *State of Minn. v. Austin*, 39 Minn., 51 ; *State of Md. use of Gilkison, et al. v. Hinibird, et al.*, 54 Md., 327.

In *Bunn v. Jetmore*, Court says ; " The received doctrine is that sureties who execute a writing as such, can show, in discharge of their liability, that their principal never was bound. In *Bean v. Parker* it was expressly held that the sureties on a bail bond which had not been signed by the principal were not liable thereon. Bond executed by the sureties and not by the principal debtor, although in the body of it it purports to have been executed by the three, and a seal was affixed with a space opposite to it for signature of principal. In the case at bar, position is reversed. Seal omitted instead of the signature.

In this connection we cite the case of *Stabler v. Cowman*, 7 Gill & Johnson, 284.

This was the case of a written contract under seal, but no sureties.

Witness our hands and seals :    THOMAS P. STABLER, [L. S.]
                                 JOHN G. COWMAN,

The words " We have hereunto set our hands and seals," found in the body of an instrument of writing, are not sufficient to constitute it the deed or specialty of the party named whose *seal* is not affixed. It is the fact that determines the character of the instrument, and not the assertion in the body of it that it is signed and sealed, which, whenever introduced, is done before the signing. The Court goes on further to say that if there be but one seal, and that opposite to the name of one of the parties, in the absence of all proof to the contrary it must be taken to be his seal alone. ". In this case it was evidently intended that the defendant Cowman should seal the instrument in question, which; from *accident* or *mistake*, appears to have been omitted. It is *not* therefore his deed.

In the case of the *United States v. Linn*, 15 Peters, 290 ; relied upon so strongly by the other side, we confidently submit is not an authority against our position. The instrument upon which the suit was brought was a writing not sealed by either the principal or his sureties. It was held not a bond but a good contract between the parties. The Act of Congress under which this instrument was taken contains no negative words, or anything by implication or otherwise, to make void a security taken in any other form. But even in this case such eminent judges as Story, McLean and Baldwin dissented.

Now under our statute " If any person appointed a collector shall not give bond within the time limited by said court, the appointment shall be void, and another person shall be appointed in his place," and so on until the person appointed give bond.

Surety discharged even if variation of contract or obligation is for his benefit.

No principle of law is better settled at this day than that the undertaking of the surety, being one *strictissimi juris*, he cannot, either at law or equity, be bound further or otherwise than he is by the very terms of his contract. Neither is it of any consequence that the alteration of the contract is *trivial*, nor even that it is for

the advantage of the surety. "*Non hœc in fœdera veni*," is an answer in the mouth of the surety.

He is not bound by the old contract, for that has been abrogated by the new. Neither is he bound by the new because he is no party to it, nether can it be split into parts so as to be his contract to a certain extent and not for the residue. He is either bound in *toto* or not at all.

*Brandt on Surety.* 330–338 ; *Bethune. Adm. v. Dozier*, 10 Geo., 235.

Surety stands on the very terms of his contract, and if he does not assent to any variation of it and a variation is made, it is fatal.

Rule is absolute that there shall be no transaction with the principal debtor without acquainting the person who has a part interest in it.

*Grant v. Smith*, 46 N. Y. Rep., 93 ; *Paine v. Jones*, 76 N. Y., 274 ; *Bangs v. Strong*, 7 Hill., 250.

Any alteration of a written security in a material part renders it void altogether.

A change in the character or effect of the instrument, whether in respect to its obligation or its weight in evidence, is a material alteration.

Addition of a seal is a material alteration.

*Vaughn v. Fowler*, 14 S. Carolina, 355 ; *Smith, et al. v. U. S.*, 2 Wallace Rep., 219 ; *U. S. v. Linn, et al.*, 1 Howard, 107 ; *The State v. Martin, et al.*, 56 Miss., 108 ; *People v. Hartley*, 21 Cal., 585 ; *New Orleans R. R. Co. v. Burke*, 53 Miss., 200 ; *Rev. Code*, 64, 65, Sec. 18.

Contract by which a surety becomes bound is voluntary on his part, without profit or advantage, and without having in view the prospect of gain. It is an act of benevolence to the obligor and of convenience to the obligee, and of emphatic use to both. Obligor

and obligee are bound to know that if they find it convenient to change or vary the terms of the original contract they must seek the consent of the surety, and if they will not do so they take upon themselves the hazard, and thus loosen the bonds of the surety.

*Brandt on Surety*, 330.

The case of the *State of Ohio v. Bowman, et al*, 10 Ohio Reports, 445, is not sustained by reason, and is unsupported by authorities. In that case, the instrument was not signed or sealed by the principal, and yet, in conclusion, the Court remarks that "the instrument is not an imperfect bond, that it is a good statutory bond, and that if it were not, it would be a good bond at common law," which is in direct conflict with all precedents and authorities, and especially in conflict with the case of the *United States v. Linn*, in 15 Peters, 290, cited and relied on in this case, and is certainly in conflict with the very nature and essence of a bond, one of the essentials of which is that it must be under seal.

It is confidently believed that no well adjudicated case can be found holding sureties liable on an official bond where the principal fails to execute the bond and where the statute, in express words, provides that before the appointment of the principal is complete he shall execute a bond, and if he fail to do so within the time prescribed his appointment shall be void, and another person shall be appointed in his place to fill the office.

Any ruling holding the sureties liable on an official bond where the paincipal fails to execute such bond must be predicated upon the fact that the appointment is perfect and complete before giving bond, and that the requirement of a bond by the principal is not a condition precedent to his filling the office.

THE COURT affirmed the decision of the court below.