STATE OF DELAWARE *vs.* JOHN P. DONAHOE and AMERICAN BONDING AND TRUST COMPANY OF BALTIMORE CITY.

*Rule to Show Cause—Judgment—Trial to Ascertain What is Due—Confession of Judgment by Attorney—Statute—Written Directions to Officer Entering the Judgment—Not Jurisdictional.*

The statute provided that "When judgment is confessed by virtue of a warrant of attorney for a penalty, the attorney confessing the judgment shall, in a written direction to the officer entering the judgment, set down the real debt, and the time from which interest is to be calculated; which shall be entered by said officer upon the docket of the judgment." *Held* that the requirement was not jurisdictional.

(*June 12, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Robert H. Richards* and *Walter H. Hayes* for the rule.

*Horace G. Knowles* contra.

Superior Court, New Castle County, May Term, 1903.

RULE TO SHOW CAUSE WHY A JUDGMENT obtained by the plaintiff against the defendants on a certain bond for $27,456 (being No. 505, February Term, 1903) SHOULD NOT BE STRICKEN FROM THE RECORD. The facts recited in the petition for the rule were as follows:

"The petition of the 'American Bonding Company of Baltimore,' a corporation of the State of Maryland, respectfully represents:

"That prior to the thirty-first day of July, A. D. 1902 the corporate name of your petitioner was 'The American Bonding and Trust Company of Baltimore City;' that the charter of the American Bonding and Trust Company of Baltimore City, by an act of the Legislature of the State of Maryland, duly approved by the Governor of the said State of Maryland on the eighth day of April,

A. D. 1902, was amended in that the name of 'The American Bonding and Trust Company of Baltimore City' was thereby changed to 'American Bonding Company of Baltimore,' that the said amendment to the said charter so changing the name of said corporation, as aforesaid, was duly accepted by the stockholders of the American Bonding and Trust Company of Baltimore City on the thirty-first day of July, A. D. 1902.

"That on the seventh day of June, A. D. 1899, your petitioner, the said corporation, under and by its then corporate name, to wit, The American Bonding and Trust Company of Baltimore City, did, as surety, jointly with John P. Donahoe, as principal, execute a certain bond in favor of the State of Delaware for the penal sum of twenty-seven thousand four hundred and fifty-six dollars ($27,456.00); the said John P. Donahoe being in said last mentioned bond described as, the Collector of Investment and Capitation Tax of Wilmington, Northern District, the said bond being a joint and several bond, the condition whereof was and is that the said principal therein ' shall faithfully and diligently collect all the rates and taxes which he shall, according to the duplicate and warrant to be issued to him as such collector, be required to collect; and all taxes whatever which shall be committed to him for collection, and shall pay the amount of all such rates and taxes, excepting only so far as allowances shall be made to him by the Levy Court for delinquencies, commissions or otherwise, to the officers authorized by law to receive the same in the manner and within the times prescribed by law or legally appointed by the Levy Court of said county for that purpose; and furthermore, if the said John P. Donahoe, shall perform the duties of his office of collector, as aforesaid, in all things with fidelity, then the above obligation shall be void, otherwise to remain in full force and virtue,' and that attached to said bond was a warrant of attorney for the confession of judgment thereon; that on the fourth day of May, A. D. 1903, Philemma Chandler, Merrit N. Willits, Isaac C. Elliott, Charles Megginson, Caleb Canby Hopkins, John J. Mealey and John G. Armstrong, Levy Court Commissioners, for said New Castle County,

then and there constituting the Levy Court for said county of New Castle, did cause judgment to be confessed in the said Superior Court upon the said last mentioned bond by virtue of the said warrant of attorney in favor of the State of Delaware and against your petitioner under and by the name, 'The American Bonding and Trust Company of Baltimore City,' severally, for the penal sum of the said bond, to wit, for the said sum of twenty-seven thousand four hundred and fifty six dollars ($27,456.00) by Horace G. Knowles, Esquire, as attorney, and thereupon, the said judgment was, on said last mentioned day, entered of record in *Judgment Docket K, Vol. 3, page 165* of the said Superior Court, the said judgment being No. 505 to the February Term, 1903.

"Your petitioner avers that at the time of the execution and delivery of the said bond and warrant of attorney, the said John P. Donahoe was in truth and fact collector of poll taxes for New Castle county in the Northern District of the City of Wilmington, to wit, all that portion of Wilmington Hundred situate, lying and being north of the street called Sixth Street as then and now laid out and established by the ground plan of the City of Wilmington, and as such collector, he was only authorized by law to collect the poll taxes in said district, and had, and could have, no authority to collect any other kind of taxes in said district.

"And your petitioner further avers that at the time of the execution and delivery of the said bond with its said warrant of attorney, as aforesaid, and from that time hitherto, one Horace G. Rettew, was the Receiver of Taxes for New Castle County, and as such Receiver of Taxes for said county, was the only person or officer authorized by law to collect county taxes in Wilmington Hundred other than poll taxes.

"That on the fourth day of June, in the year of our Lord, one thousand eight hundred and ninety-seven, the Constitutional Convention of the State of Delaware promulgated the present amended Constitution of the State of Delaware, which the said Convention had theretofore adopted, and further said Convention promulgated the fact that said amended Constitution should take effect on the

tenth day of June, in the year of our Lord, one thousand eight hundred and ninety-seven.

"And your petitioner is informed and believes, and therefore, avers that the said John P. Donahoe, collector of poll taxes as aforesaid, for the district aforesaid, paid over to Horace G. Rettew, County Treasurer of New Castle county, all poll taxes by him, the said John P. Donahoe, collecter as aforesaid, collected up to and including the said fourth day of May, A. D. 1903.

"And your petitioner is informed and believes, and therefore avers that said John P. Donahoe, collector of poll taxes as aforesaid, for the district aforesaid, after the delivery of the tax duplicates for his district for the years A. D. 1899 and A. D. 1900, respectively, was directed and instructed by the then Levy Court Commissioners of New Castle County, not to use the means and remedies prescribed by law to enforce the collection of the unpaid capitation taxes therein contained from the the several taxables in his said district, and without using these means and remedies, the said John P. Donahoe, collector as aforesaid, was unable to compel the payment of said unpaid capitation taxes.

"And your petitioner further avers that on the thirtieth day of June, A. D. 1899, the said Levy Court without the knowledge of your petitioner and without any authority of law, did deliver unto the said John P. Donahoe, collector of poll taxes, as aforesaid, a duplicate together with a warrant directing him, the said John P. Donahoe, collector as aforesaid, to collect certain taxes other than poll taxes or capitation taxes, to wit, certain taxes levied and assessed in said Northern District under the provisions of *Chapter 381, Vol. 20, Laws of Delaware,* as amended by *Chapter 24, Vol. 21, Laws of Delaware,* which said taxes were then and are now commonly known as investment taxes; and your petitioner is informed and believes, and therefore further avers that the said Levy Court Commissioners of New Castle County, by means of the said judgment confessed and entered as aforesaid, are endeavoring and intend to collect from your petitioner certain monies, the amount whereof is to your petitioner unknown, alleged to have been received by said

John P. Donahoe, collector of poll taxes, as aforesaid, under and by virtue of said duplicates last mentioned.

" And your petitioner further avers that the said John P. Donahoe, collector of poll taxes as aforesaid, did not at any time, collect any of the said taxes assessed and contained in the said duplicate mentioned and referred to in the next preceding paragraph hereof, for the reason that at the time of the delivery of the said duplicate to said John P. Donahoe, collector of poll taxes as aforesaid, there was pending in the Court of Chancery of the State of Delaware, an action involving the validity of the law under which the taxes contained in said duplicate were assessed, and involving the question of the right of said John P. Donahoe, collector as aforesaid, to collect said taxes, and that subsequently an action was pending in the Superior Court of the State of Delaware involving the validity of said law.

" And your petitioner further avers that in the year A. D. 1901 the said Superior Court in an action therein pending, in which the Equitable Guarantee and Trust Company was plaintiff, and John P. Donahoe, collector of taxes for the northern district of Wilmington, was the defendant, adjudged (upon a certificate to said Court from the Court in Banc to that effect) that said *Chapter 381, Vol. 20, Laws of Delaware* as amended by *Chapter 24, Vol. 21, Laws of Delaware,* was unconstitutional and void.

" And your petitioner further avers that a large part of the capitation taxes assessed and contained in the duplicate of capitation taxes delivered to said John P. Donahoe, collector of poll taxes as aforesaid, during his term of office beginning on the twenty-ninth day of May, A. D. 1899, were collected by the said Horace G. Rettew, the said receiver of taxes for New Castle County, and were paid over by him into the city treasury of said New Castle County; the amount of said capitation taxes so collected as aforesaid by him the said Horace G. Rettew, being the sum of four thousand dollars ($4000.00).

"Wherefore your petitioner respectfully prays your Honors to grant a rule, returnable at such time as may to your Honors, seem

proper, directed to said Philemma Chandler, Merrit N. Willits, Isaac C. Elliott, Charles Megginson, Caleb Canby Hopkins, John J. Mealey, and John G. Armstrong, Levy Court Commissioners, as aforesaid, to show cause, if any they have, why said iudgment should not be opened and the parties thereto be let into a trial (in such manner as the Court may direct), to ascertain what amount, if any, is due from your petitioner to the obligee in said bond ; and that upon the opening of said judgment your petitioner be permitted to plead and show :

"That said John P. Donahoe, collector of poll taxes as aforesaid, paid over to the County Treasurer of New Castle County all capitation taxes collected by him in said district up to and including the said fourth day of May, A. D. 1903.

"That the said Levy Court without authority of law, and in fact, contrary to the express provisions of law, and without the knowledge or consent of your petitioner, did deliver unto said John P. Donahoe, collector of poll taxes as aforesaid, a duplicate together with a warrant directing him, the said John P. Donahoe, collector as aforesaid, to collect certain taxes other than poll taxes or capitation taxes to wit, certain taxes levied and assessed in said northern district under the provisions of *Chapter 381, Vol. 20, Laws of Delaware*, as amended by *Chapter 24, Vol. 21, Laws of Delaware*, which said taxes were then and are now commonly known as investment taxes.

"That the then Levy Court Commissioners after the delivery of the capitation tax duplicates for the years A. D. 1899 and A. D. 1900, respectively, for the said Northern District of the City of Wilmington, and after the execution and delivery of the said bond and warrant of attorney, and prior to the said fourth day of May, A. D. 1903, directed and instructed the said John P. Donahoe, collector of poll taxes as aforesaid, not to use the means and remedies prescribed by law to enforce the collection of the unpaid capitation taxes therein contained from the several taxables in his said district, and that without using these means and remedies, the said John P.

Donahoe, collector as aforesaid, was unable to compel the payment of said unpaid capitation taxes.

"That there is not and cannot be any money due and owing upon said bond from your petitioner to the obligee therein, or to the said Levy Court Commissioners by reason of the collecting of any taxes (if any were collected) in said Northern District by the said John P. Donahoe, collector of poll taxes as aforesaid, under and by virtue of *Chapter 381, Vol. 20, Laws of Delaware,* as amended by *Chapter 24, Vol. 21 Laws of Delaware.*

"That the said Horace G. Rettew, the then receiver of taxes for New Castle county, collected and paid over to the county treasurer of New Castle County a part of the capitation taxes assessed and contained in the duplicates delivered unto the said John P. Donahoe, collector of poll taxes as aforesaid, during his term of office beginning on May 29, A. D. 1899, amounting to the sum of four thousand dollars ($4000.00).

"And so your petitioner will ever pray, etc."

(The above petition was accompanied by the affidavit of the president of said company in due form.)

Rule granted, and the same coming on to be heard, the following contentions were made before the Court:

BRIEF FOR AMERICAN BONDING AND TRUST COMPANY.

This is an application to have stricken from the record two judgments, each for a penalty, confessed by an attorney at law, and entered in vacation by the Prothonotary of the Superior Court, in and for New Castle County.

The Constitution of the State provides that "The Prothonotary of the Superior Court may * * * * enter judgments, according to law and the practice of the Court," and thereby limits the authority of said prothonotary to enter judgments to those cases for which the laws of the State and the practice of its Court make provision. It, therefore, necessarily follows that where a statute of the State makes definite provisions for the entry and manner of entry of any class of judgments, the authority of the prothonotary is limited by said

statute, for no valid practice of the Court can be established which contravenes the express terms of a statute.

*Constitution of Delaware, Article 4, Sec. 29.*

The confession of judgment by warrant of attorney is a method of obtaining judgment depending for its validity entirely upon statute.

*Black on Judgments, Sec. 52 ; 17 A. & E. Ency., Law (2nd Ed.), 765.*

The pertinent statute of this State applying to the class of judgment with which we are concerned is as follows :

" When judgment is confessed by virtue of a warrant of attorney for a penalty, the attorney confessing the judgment shall, in a written direction to the officer entering the judgment, set down the real debt, and the time from which interest is to be calculated ; which shall be entered by the said officer upon the docket of the judgment."

*Revised Code, page 811, Section 14.*

Such statutes as this must be strictly construed.

*1 Black on Judgments, Section 52 ; 17 A. & E. Ency. Law, (2nd Ed.), 765; Bonnell vs. Weaver, 5 Biss., 22 (Opinion by Mr. Justice Miller, afterward of Supreme Court of U. S.); Chapin vs. Thompsom, 20 Cal. 686 (Chief Justice Field, afterwards Justice of Supreme Court of U. S., concurred in opinion); Bons vs. Pachecho, 30 Cal., 534; Bank vs. St. John, 5 Hill 497 ; Butler vs. Lewis, 10 Wend., 544 ; Gandal vs. Finn, 23 Barb., 652 ; Edgar vs. Grier, 7 Iowa, 136 ; Edgar vs. Grier, 10 Iowa, 280; Macphetten vs. Campbell, 5 Ind., 107 ; Fairchild vs. Dean, 15 Wis., 225 ; Remington vs. Perry, 5 Wis., 138 ; Bacon vs. Raybould, 10 Pacific, 481.*

Indeed, the written direction to the officer entering the judgment for a penalty, under the statute above cited, in which must be set down the real debt of said judgment and the time from which interest is to be calculated, is a matter which goes to the jurisdiction of the Court, for, although a judgment by confession is to a certain extent founded on the agreement of the parties, instead of a direct

adjudication by the Court, it is none the less, on that account, a judicial act. And since the consent of the parties cannot create a jurisdiction in excess or contravention of that conferred by law, it is equally essential to the validity of such a judgment that the statutory prerequisites to the entry thereof shall be complied with in order that the Court may have jurisdiction over the defendants therein or to issue process against them based thereon.—*Black on Judgments Sec. 53.*

And in the case of *Rapley vs. Price, 9 Ark., 428,* the Court say; that "Where it is required by law that the execution of a power of attorney to confess judgment be proved before the judgment is confessed, such proof must affirmatively appear of record; otherwise the Court would have no jurisdiction of the person of the maker, and the judgment would be invalid."

So under the above recited statute of this State it is a necessary prerequisite to the valid entry of a judgment by confession, by virtue of a warrant of attorney, for a penalty that the attorney so confessing the judgment shall file with the Prothonotary of the Superior Court a written direction in which is set down the real debt and the time from which interest is to be calculated, for the statute provides that this written direction shall be given to the said prothonotary " when the judgment is confessed " and the word " when " means, upon the authority of *Second Bouv. Law, Dict. page 1227,* " at the time " or " at that time." And if the said written direction must be given at the very time that the judgment is confessed, such written direction is a necessary prerequisite to the entry of such judgment and the statute further provides that the said prothonotary, following the said written direction, shall enter upon the docket of the judgment the amount of the said real debt and the date of the interest in said written direction required to be set down.

Therefore, under the said statute the judgment itself is not complete nor is the record entry thereof complete until the prothonotary shall enter upon the docket of such judgment the amount of the real debt and the date of interest; so that, therefore, the application of the American Bonding and Trust Company, the surety

in this judgment, while it is primarily based upon the failure of the attorney confessing said judgments to give the required written direction, yet it is also based upon the fact that under the statute the judgments themselves are not entered in the manner required by law and the record entries thereof are not complete by reason of the failure to enter upon the docket of the said judgment the amount of the real debt and the date of interest.

It is further submitted that the failure to file such written direction and the consequent failure to make the requisite entries upon the docket of said judgment is a matter which cannot now be cured by amendment.

*Butler vs. Lewis, 10 Wend., 542; Chapin vs. Thompson, 20 Cal., 631; Bonnell vs. Weaver, 5 Biss., 22; Edgar vs. Grier, 7 Iowa, 136.*

It is further submitted that the bond upon which this judgment was confessed is, so far as the American Bonding and Trust Company is concerned, a contract of suretyship (*20 Del. Laws, Appendix, 2*); and it is well settled law, both in this State and elsewhere, that the undertakings of sureties are *strictissimi juris* (*Mayor &c. vs. Horn, 2 Harr., 190, et seq.; State vs. Smith, 9 Houst., 143; 2 Brant on Suretyship, Secs. 528 and 529*); and it is also well settled that contracts of suretyship are regarded as having been made with reference to all existing laws of the State relating thereto and such laws are to be read into and taken to be part of such contracts— (*Mayor &c. vs. Horn, 2 Harr. 190; 2 Brandt on Suretyship Secs. 528 and 529*).

Knowles, for the State, replied.

LORE, C. J.:—We think this is not a jurisdictional matter, and order that the rule be discharged.

*Mr. Hayes*:—May we be allowed an exception to that ruling, for what it is worth?

LORE, C. J.:—We recognize your application but not your right to an exception. You may take it in that way.